**Zivile WATKIS, Plaintiff,**

v.

**PAYLESS SHOESOURCE, INC., Defendant.**

**No. 95–2091–CIV–T–17E.**

United States District Court, M.D. Florida, Tampa Division.

July 8, 1997.

Zivile Watkis, Tampa, FL, pro se.

John William Robinson, IV, Cathy J. Beveridge, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, Lori K. Cochran, Law Offices of Lori K. Cochran, St. Louis, MO, for Payless ShoeSource, Janice Jamison, Unsuk Hilbert, Sandra Lucas.

Barrington F. Watkis, Tampa, FL, pro se.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

KOVACHEVICH, Chief Judge.

This cause is before the Court on the Motion to Dismiss of Defendant Payless ShoeSource, Inc. (Dkt. 90) and the response of Plaintiff Zivile Watkis (Dkt. 92).

### STATEMENT OF FACTS

This case is based on an alleged violation under Title VII of the Civil Rights Act of 1964. Plaintiff was hired as a salesperson and store associate on October 1, 1994, after Payless purchased the Kobacher Company. Plaintiff was terminated February 18, 1995. Plaintiff, proceeding *pro se,* filed her Complaint on December 18, 1995 (Dkt. 1), seeking back pay, front pay, declaratory judgment, injunctive and affirmative relief, compensatory damages, and other relief, for injuries she allegedly sustained while working for Defendant. The Complaint was later amended by order of this Court (Dkt. 39).

Defendant filed its Answer on May 17, 1996 (Dkt. 42), and sent its First Request for Production of Documents and First Set of Interrogatories to Watkis on March 26, 1996. Plaintiff responded on or about April 25. On May 2, 1996, Payless' counsel wrote to Wat-

kis, requesting that Plaintiff supplement her First Set of Interrogatory Answers and Response to Payless' First Request to Produce. Plaintiff did not respond. Payless' counsel again wrote to Plaintiff requesting that she supplement her First discovery responses.

On April 16, 1996, Defendant served Plaintiff a Second Request for Production of Documents containing a single document request. On May 6, 1996, Defendant served a Third Request for Production of Documents containing a single document request. Subsequently, on June 8, 1996, Plaintiff responded to Defendant's First, Second and Third requests for documents, and objected to future discovery requests.

On June 12, 1996, Defendant wrote to Watkis requesting that she supplement her response to the Second and Third Requests for Production of Documents, by June 21, 1996; however, Plaintiff never responded. Accordingly, on July 9, 1996, Defendant filed a Motion to Compel. The Magistrate Judge heard arguments on that motion on December 30 and 31, 1996, and entered an Order instructing Plaintiff to provide the requested information within twenty days of the Court's Order (Dkt. 66). Regarding Defendant's Request for Plaintiff's tax returns, the Court stated:

> The court will not require the Plaintiff to produce her 1994 and 1995 income tax returns so long as Plaintiff does produce copies of all form W–2's, 1099's or other such tax forms reflecting income earned by the Plaintiff during the years 1994 and 1995. In the event that Plaintiff possesses no such documents, the court will require the 1994 and 1995 tax returns to be produced. In the event Plaintiff contends that she has no such copies in her possession, she is **DIRECTED** to cooperate with counsel for the Defendant so that copies of such tax returns can be obtained through appropriate request of the IRS. *See id.*

Plaintiff filed objections to the Order of the Magistrate Judge, but also provided supplemental responses. However, in her supplemental responses, Plaintiff did not provide the tax records. Pursuant to the Court's Order (Dkt. 67), Defendant forwarded to Plaintiff an IRS Form 4506, Request for Copy of Transcript of Tax Form for the years 1994 and 1995 and requested copies of her 1996 W–2 forms. Defendant asked Plaintiff to return the executed form, and when Plaintiff did not respond for nearly six weeks, Defendant forwarded the forms again. Defendant contends Plaintiff has never produced any documents in this case (Affidavit, Dkt. 90, Attachment 7).

Defendant also contends that Plaintiff failed to appear for her properly Noticed Deposition. During Defendant's Motion to Compel hearing, the Magistrate Judge informed Plaintiff of Defendant's right to depose her. On March 14, 1997, Defendant wrote to Plaintiff concerning scheduling Plaintiff's deposition on April 21, 1997, and mailed a letter to Plaintiff's record address. Plaintiff never contacted Defendant as requested. On March 25, 1997, Defendant again wrote to Plaintiff, advising her of the proposed deposition date, and informed Plaintiff that if she did not respond by April 2, 1997, Defendant would notice the deposition as indicated in the letter. Again, Plaintiff never contacted Defendant.

On April 3, 1997, Payless properly noticed Plaintiff of her April 21, 1997 deposition by sending a Notice of Deposition to her record address via regular U.S. Mail. Watkis failed to report to her deposition as noticed, and the court reporter attempted to contact Plaintiff, to no avail. Defendant contends Plaintiff never contacted it to report any conflict with the noticed Deposition, or to explain Plaintiff's failure to appear (Affidavit, Dkt. 90, Attachment 7). Additionally, Defendant is seeking recovery of attorney's fees and costs relating to the deposition.

In response, Plaintiff has set forth the following "facts" regarding her failure to comply with the Order and to attend her own deposition:

1. Citing Fed.R.Civ.P. 9(b), refusing for "fraud" the alleged facts as stated by Payless's counsel in her averments entitled "Defendant's motion to Dismiss, or Alternatively, Motion to Extend Discovery, and Motion for Fees and Costs."

2. There was no telephone call received by her on April 21, 1997, from court reporter as indicated.

3. She received no notification regarding her deposition.

4. All court orders have been complied with or appealed to the District Court Judge, and those documents not disclosed are irrelevant. *See* Fed.R.Civ.P. 26(b)(1).

## FINDINGS OF LAW AND ANALYSIS

According to Fed.R.Civ.P. 37(b)(2)(C), if a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a), the court in which the action is pending may make such orders regarding the failure as are just, including the following: An order dismissing the action or proceeding, or rendering a judgment by default against the disobedient party. In addition, Fed.R.Civ.P. 37(d) states that if a party fails to appear before the officer who is to take the deposition, after being served with proper notice, the court in which the action is pending on motion may make such orders regarding the failure as are just, and may take any action under subparagraphs (A), (B) or (C) of subdivision (b)(2) of this rule. *Shawmut Boston Int'l Banking Corp. v. Duque–Pena*, 767 F.2d 1504, 1507 (11th Cir. 1985). Therefore, this Court must determine whether Plaintiff's failure to comply with the Magistrate's Order, and to attend her duly Noticed Deposition, constitute sufficient grounds to dismiss her case.

■ The Supreme Court, in *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976), developed the general test to determine when dismissal is proper. The factors the Court must consider are whether the noncomplying party has: (1) acted with flagrant bad faith, (2) to the detriment of the other party, (3) through the fault of the noncomplying party, (4) where less drastic alternatives have already been tried. *See Id.* Although a district court has wide latitude in framing orders and in penalizing failures to comply, that discretion has constitutional limits. *Griffin v. Aluminum Co. of America*, 564 F.2d 1171 (5th Cir.1977). Furthermore, dismissal as a sanction should not be imposed

if lesser sanction will do. *Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538 (11th Cir.1984).

■ A district court has broad discretion to control discovery. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir.1993). "This power includes the ability to impose sanctions on uncooperative litigants." *Id.; see also* Fed.R.Civ.P 37(b)(2). Accordingly, courts are given broad discretionary powers in fashioning appropriate sanctions for violations of discovery orders. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536 (11th Cir. 1993). Further, the unsuitability of another remedy, the intransigence of a party, and the absence of an excuse are all factors to be considered. *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976).

■ Although dismissal with prejudice is the most severe Rule 37 sanction, dismissal may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault. *Blakeney, supra*, 8 F.3d at 790, *citing National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). Moreover, litigants who are "willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents ... and in this era of crowded dockets, that they also deprive other litigants of an opportunity to use the courts as a serious dispute-settlement mechanism." *G–K Properties v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir.1978).

Plaintiff contends that all orders have been complied with, and that those documents not disclosed to Payless are irrelevant. Although Plaintiff has answered Defendant's Interrogatories and Requests to Produce, those responses have been insufficient at best. On numerous occasions, Defendant has had to request that Plaintiff supplement her responses to their Interrogatories and Requests to Produce. Further, Plaintiff stated that she did not fully comply with Payless's requests because she was waiting for Payless's initial disclosures. However, according to Fed.R.Civ.P. 26(a)(1)(D), unless otherwise stipulated or directed by the court, a party is

not excused from making its initial disclosures because another party has not made its disclosures. Therefore, even if Defendant had not made its initial disclosures, Plaintiff was required to make disclosures that were then readily available, without awaiting a discovery request.

During Defendant's Motion to Compel hearing Watkis was made fully aware that certain information must be made available for discovery. Most importantly, Plaintiff was directed to cooperate with Defendant so that copies of certain tax records could be obtained by Payless. Nevertheless, in supplementary discovery responses, Plaintiff did not provide the tax records, directly disregarding the court's order. Further, to this date Plaintiff has not disclosed the tax record information. Although Watkis claims the tax records are irrelevant, the discovery rules allow broad disclosures. Further, information sought need not be admissible at the trial if the information appears reasonably calculated to lead to discovery of admissible evidence. See Fed.R.Civ.P. 26(b)(1). Regardless, Plaintiff is required to comply with the court's order, which she failed to do.

Furthermore, during that same Motion to Compel Hearing, the Magistrate Judge informed Plaintiff that Defendant had a right to depose her if Defendant so wished. Subsequent to the hearing, Defendant notified Plaintiff two times, attempting to schedule Plaintiff's deposition before properly noticing her deposition the third time. Plaintiff never contacted Defendant to report any conflict making her unavailable to appear at her deposition. Additionally, Plaintiff did not attend her deposition as noticed, even though the court reporter attempted to contact Plaintiff at home. Plaintiff claims that she was never notified about her deposition, and that she did not receive a phone call from the court reporter the date of her deposition. However, this Court notes that all attempts to set Plaintiff's deposition, and contact Plaintiff, were documented in writing and sent to Watkis's record address.[1]

"Dismissal of a complaint with prejudice is such a drastic remedy that a court should apply it only in extreme circumstances." *Bon Air Hotel, Inc. v. Time, Inc.,* 376 F.2d 118, 121 (5th Cir.1967). However, the Eleventh Circuit Court in *Blakeney* stated that when the record clearly demonstrates that a plaintiff deliberately and defiantly refuses to comply with court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case.[2] *See Blakeney* 8 F.3d at 790–91. Further, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989). Moreover, the Supreme Court in *National Hockey League* admonished the Courts of Appeals not to exhibit "lenity" even in the face of outright dismissal as a sanction for failure to comply with a discovery order because Rule 37 sanctions were designed not merely to penalize those whose conduct deserved sanctions, but to deter those who might be tempted to engage in such conduct in the absence of such a deterrent. *See National Hockey League,* 427 U.S. at 642–43, 96 S.Ct. at 2780–81.

Many similarities exist between *Phipps v. Blakeney,* 8 F.3d 788 (11th Cir.1993) and this case. Both cases involved willful, intentional and deliberate behavior that interfered with discovery. *Id.,* 8 F.3d at 790. In the instant case, Plaintiff has disregarded a court order, failed to appear at her deposition as noticed, and stated that Plaintiff objected to "all" future discovery requests.[3] Furthermore, Plaintiff was aware sanctions could be imposed, because the Magistrate Judge informed her of that fact during the Motion to Compel hearing. These actions constitute an intentional and conscious disregard of Plain-

---

1. Plaintiff's phone number was included in her record address. If it was the wrong phone number, Plaintiff should have contacted the Court to rectify the problem. Additionally, Plaintiff has used two different phone numbers when filing documents in this Court.

2. The Eleventh Circuit Court has also held that the intend to protect the ability of district courts to police discovery "simply and speedily". *See Phipps,* 8 F.3d at 790.

3. *See* Dkt. 90, Exhibit G, Plaintiff's Response To Request For Production Of Documents.

tiff's responsibility to the discovery process. Moreover, this Court cannot find in the record any justifiable or credible excuse for Plaintiff's failure to comply with the Magistrate's Order, or to appear at her properly noticed deposition.

Plaintiff was fully aware that she was required to comply with Defendant's request for her tax records because the Magistrate Judge put her on notice during the Motion to Compel hearing held on December 30 and 31, 1996. In addition, when Plaintiff failed to provide the tax records, Defendant forwarded to Plaintiff an IRS Form 4506, Request for Copy of Transcript of Tax Form for the years 1994 and 1995, and requested copies of her 1996 W–2 forms. Subsequently, Defendant asked Watkis to return the executed form; however, Plaintiff did not respond. Nearly six weeks later, Defendant forwarded the forms again, reaching the same result. This Court views these actions as a willful, bad faith intention not to comply with the discovery rules and court orders.

■ As previously stated in the facts, Watkis is proceeding *pro se*. "All persons, regardless of wealth, are entitled to reasonable access to the courts." *Newsome*, 863 F.2d at 837. However, if a *pro se* litigant ignores a discovery order, they are and should be subject to sanction like any other litigant. *See Id.* Moreover, once a *pro se* litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. *See Id.* "These rules provide for sanctions for misconduct and for failure to comply with court orders." *Id.* Following the Motion to compel hearing, Plaintiff was directed to comply with Defendant's request regarding her tax records, yet Plaintiff did not do so. Furthermore, Plaintiff was notified three times about appearing for her deposition, but subsequently did not appear after being properly noticed. All of these actions have been detrimental to Defendant, and were caused through the fault of Plaintiff.

■ This Court finds that Plaintiff's arguments objecting to the irrelevance of the tax records, and that Plaintiff was never notified about her deposition, unpersuasive, and influenced by a concerted effort to delay

discovery proceedings. Further, this Court believes that Watkis's actions surpass the test set forth by the Supreme Court in *National Hockey League, supra*. Although this Court has the discretion to impose lesser sanctions, the Court finds that lesser sanctions simply will not deter future delay.

■ Plaintiff cites Fed.R.Civ.P. 9(b), asserting "fraud" as her legal bases for denying Defendant's alleged facts as stated in Defendant's Motion to Dismiss (Dkt. 90). This argument is without merit because Fed. R.Civ.P. 9(b) pertains to pleading special matters with the court. It is not, however, an affirmative defense rule which Watkis can rely on to deny Payless's averments. Although Watkis is proceeding *pro se*, she is still subject to the rules of the court, including the Federal Rules of Civil Procedure. *Newsome*, 863 F.2d at 837. Accordingly, it is

**ORDERED** that: (1) Defendant's Motion to Dismiss (Dkt. 90) is **granted with prejudice;** (2) the Court **reserves** jurisdiction as to the issue of Defendant's attorney's fees and costs and (3) Plaintiff's Appeal in Support of Objection to Order (Dkt. 84) is **denied** as moot.