Emmanuel EBEH, Plaintiff,

v.

TROPICAL SPORTWEAR INT'L
CORPORATION, et al.,
Defendant.

No. 8:99–CV–426–T–17MAP.

United States District Court,
M.D. Florida,
Tampa Division.

March 20, 2001.

Emmanuel Ebeh, Tampa, FL, pro se.

Clare H. Draper, IV, Christopher S. Enloe, Alston & Bird, LLP, Atlanta, GA, James B. Murphy, Jr., Shook, Hardy & Bacon, L.L.P., Tampa, FL, for defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE

KOVACHEVICH, District Judge.

This cause comes before the Court on Defendant, Tropical Sportswear International Corporation's (herein referred to as TSI) Motion to Dismiss, (Dkt. 144), Plaintiff's Response thereto, (Dkt. 149), the Report and Recommendation filed by Magistrate Judge Mark A. Pizzo, on August 25, 2000, (Dkt. 163), Plaintiff's Response to Report and Recommendation, (Dkt. 167), and Defendant, TSI's, Reply to Plaintiff's Response to Report and Recommendation. (Dkt. 172).

### I. BACKGROUND

This case arises under the Civil Rights Act, 42 U.S.C. § 1985(2) and (3). Plaintiff, who is proceeding *pro se,* is suing his former employer under Title VII of the Civil Rights Act, claiming that his employer discriminated against him because of his race or national origin.

On November 10, 1999, Defendant, TSI, served Plaintiff with a Notice of Deposition, setting Plaintiff's videotaped deposition for November 30, 1999. (Dkt. 80 Exhibit A). On November 13, 1999, Plaintiff filed a motion objecting to Defendant, TSI's, scheduled video taping of deposition and requesting a clarification of the new attorney for Defendant, TSI. (Dkt. 65). Magistrate Judge Pizzo then issued an Order denying Plaintiff's objection to the scheduled video taping of Plaintiff's deposition, and denying clarification of the new attorney on November 24, 1999.

On November 30, 1999, Plaintiff appeared at his scheduled deposition. (Dkt. 80 Exhibit B). At the deposition, Plaintiff asked defense counsel if Plaintiff could personally tape record the deposition, to which defense counsel did not object. (*See id.*). At the beginning of the deposition, Plaintiff refused to answer defense counsel's questions on the grounds that defense counsel was not a member of the Florida Bar. (Dkt. 80 Exhibit C). Defense counsel explained to Plaintiff that defense counsel had been duly admitted to practice before the Court and that Plaintiff's

objection to the deposition on that ground had been previously rejected by Magistrate Judge Pizzo. (*See id.*). Plaintiff refused to proceed with the deposition, claiming defense counsel needed a Court Order to proceed. (*See id.*). Defense counsel agreed to let Plaintiff raise the issue of counsel's standing at a later date so that the deposition could proceed and Plaintiff agreed to go forward with the deposition. (*See id.*).

Even though Plaintiff answered some preliminary questions, at various times throughout the rest of the deposition, Plaintiff objected on the grounds of relevancy to most questions asked. (*See id.*). After defense counsel explained to Plaintiff that relevancy was not a valid ground to refuse to answer questions in a deposition, and that Plaintiff's objection would be preserved if Plaintiff answered the question, Plaintiff persisted in refusing to answer questions. (*See id.*). On numerous occasions throughout the deposition, defense counsel warned Plaintiff that Defendant, TSI, would move the Court to compel the answers and impose monetary sanctions on Plaintiff for his refusal to answer. (*See id.*). Plaintiff continued to refuse to answer questions. (*See id.*).

After returning from a break in the deposition, Plaintiff announced that his tape recording of the deposition was blank. (*See id.*). Defense counsel pointed out to Plaintiff that the court reporter and videographer had recorded every word and Plaintiff could obtain a copy of either or both. (*See id.*). Plaintiff announced that he could not continue with his deposition and accused defense counsel of erasing his tape. (*See id.*). Even after defense counsel explained to Plaintiff that if Plaintiff left, Defendant, TSI, would move the Court to compel his reappearance and request the imposition of monetary sanctions on Plaintiff, including Defendant's attorney's fees, Plaintiff ignored the warning and walked out of the deposition. (*See id.*).

Defendant, TSI, filed a motion for sanctions on December 23, 1999. (Dkt. 79). On January 27, 2000, Magistrate Judge Pizzo granted Defendant, TSI's, Motion for Sanctions. (Dkt. 90). Magistrate Judge Pizzo stated that, "Mr. Ebeh is no stranger to this courthouse.... He purposely thwarted the

Defendant's efforts to depose him, argued during his deposition, refused to answer even basic questions, accused the attorneys of tampering with his tape recorder, and abruptly and without any good reason ended the deposition." (*See id.*). Magistrate Judge Pizzo Ordered Plaintiff to pay to Defendant, TSI, within ninety days, $1621.08 in costs and fees incurred by Defendant, TSI. (*See id.*).

On February 2, 2000, Plaintiff filed a Motion for Reconsideration of the Court's sanction Order, which was denied. (Dkt. 93). On February 26, 2000, Plaintiff wrote defense counsel and asked for a payment plan. (Dkt. 106). Defense counsel spoke with Defendant, TSI, and then wrote Plaintiff a letter proposing a payment plan and extended the deadline for the final payment beyond the Court's deadline. (Dkt. 145 Exhibit E). Instead of complying with the proposed payment plan, or even negotiating alternate terms, Plaintiff filed a "Motion Moving the Court for Protection and Intervention under Rule 11," on April 27, 2000. (Dkt. 124). Plaintiff sought to have the Court sanction defense counsel under Federal Rule of Civil Procedure 11 for trying to collect the Court-imposed sanction. (*See id.*). On May 17, 2000, the Court denied Plaintiff's Motion and in the Order reminded Plaintiff that, "failure to pay the sanction could result in dismissal of this action." (Dkt. 136).

Again defense counsel tried to resolve the issue by offering another payment plan, which was even more lenient than the one before. (Dkt. 145 Exhibit G). Plaintiff has yet to respond to, or even make the first payment on, this payment plan. (Dkt. 145).

On July 6, 2000, Defendant, TSI, filed a Motion to Dismiss, based on Plaintiff's refusal to pay the Court-ordered sanctions. (Dkt. 144). The Court referred this Motion to Magistrate Judge Pizzo on August 3, 2000. (Dkt. 153). On August 25, 2000, Magistrate Judge Pizzo filed a Report and Recommendation and recommended that the Court grant Defendant, TSI's, Motion. (Dkt. 167).

## II. DISCUSSION

■■■ "The district court has broad discretion to control discovery," which includes the power to impose sanctions against "un-cooperative litigants," pursuant to Federal Rule of Civil Procedure 37(b)(2)(C). *Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir.1993). Although dismissal with prejudice is the most severe Rule 37 sanction, dismissal may be appropriate when a plaintiff's recalcitrance is due to "willfulness, bad faith, or fault." *Phipps v. Blakeney,* 8 F.3d at 790, (citing *National Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976)). The severe sanction of dismissal should only be used as a last resort and when less drastic sanctions would not ensure compliance with the court's order. *See Navarro v. Cohan,* 856 F.2d 141, 142 (11th Cir.1988).

■■■ District courts may require a plaintiff to pay any sanctions it imposes as a condition of prosecuting his case. *See Moon v. Newsome,* 863 F.2d 835, 837–39 (11th Cir. 1989). The same holds true for plaintiffs proceeding *in forma pauperis. See id.* If a plaintiff is ordered to pay costs by a certain date, and fails to do so, dismissal is then appropriate. *See id.* "Where monetary sanctions are imposed on an IFP litigant and the litigant comes forward showing a true inability to pay, it might be an abuse of discretion for the court then to dismiss for failure to pay." *Id.* at 838. "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Watkis v. Payless ShoeSource, Inc.,* 174 F.R.D. 113, 117 (M.D.Fla.1997).

■■■ Defendant, TSI, asks this Court to dismiss Plaintiff's case with prejudice, because: Plaintiff has not made any effort to pay the sanction imposed by the Court; the Court's deadline for payment of the sanction passed ten months ago; Plaintiff was warned that his case could be dismissed if he failed to pay the Court-ordered sanction; and, no lesser sanction will compel Plaintiff to do what the Court has twice Ordered him to do. (Dkt. 145).

Defendant, TSI's, argument is based on *Moon v. Newsome,* 863 F.2d 835, 837–38 (11th Cir.1989). In *Moon,* the court stated that when a plaintiff proceeding *in forma pauperis* has refused to pay court-ordered

sanctions and does not show a true inability to pay, a district court acts properly when it dismisses the litigant's case. *See id.* In *Moon*, a *pro se* plaintiff filed a motion objecting to his deposition and then impeded his deposition by refusing to answer questions, raising unfounded objections, and abruptly leaving. *See id.* at 837. The magistrate judge in *Moon* conditionally granted the defendant's motion for sanctions under Rule 37, holding that the *pro se* plaintiff had to pay the defendant's costs in ninety days or have his case dismissed with prejudice. *See id.* When the *pro se* plaintiff made no payment within that time, the district court dismissed the case and the 11th Circuit affirmed the dismissal for failure to pay the sanctions. *See id.* The *Moon* court noted that "[b]ecause Plaintiff's misbehavior at the deposition was intentional, it would not have been an abuse of discretion for the court to dismiss under Rule 37(b) for failure to comply with the court's discovery order." *Id.*

Like the Plaintiff in *Moon*, Plaintiff refused to answer questions at his deposition and abruptly walked out of his deposition. (Dkt. 80 Exhibit C). Like *Moon*, Plaintiff was then ordered by the Court to pay a sanction for his deposition misconduct, within ninety days, and has further refused to pay the sanction before or after the Court-allotted period for payment expired. (Dkt. 90, 145). In addition, Defendant, TSI, has offered Plaintiff two different payment plans, which extended the payment past the Court-ordered deadline for payment. (Dkt. 145 Exhibit E, Exhibit G).

Plaintiff responds with regard to his failure to pay by stating that he is unable to pay the sanction and, therefore, it is not willful, in bad faith, or an intentional refusal to obey the Court's Order. (Dkt. 149). As evidence of this, Plaintiff claims that Defendant, TSI, is aware that Plaintiff is unemployed and is currently in a financially destitute situation. (*See id.*). Plaintiff also relies on *Moon* in support of his contention that an inability to pay should not lead to dismissal. *See Moon v. Newsome*, 863 F.2d at 838.

As stated previously, in *Moon* the court held that "where monetary sanctions are imposed on an IFP litigant and the litigant comes forward showing a true inability to pay, it might be an abuse of discretion for the court to dismiss for failure to pay." *Id.* The *pro se* plaintiff in *Moon*, after he was ordered to make payment, neither attempted to demonstrate to the court that he was unable to pay the sanction nor asserted any other excuse for noncompliance with a lawful order. *See id.* The *Moon pro se* plaintiff filed nothing detailing his unsuccessful efforts to obtain funds with which to pay the sanction. *See id.*

If Plaintiff, in the case at hand, had come forward with any evidence of why he could not pay the sanction, or even evidence detailing unsuccessful efforts to obtain funds with which to pay the sanction, it might be an abuse of discretion for the Court to dismiss his case; however Plaintiff has not tendered any evidence whatsoever. Protestations of poverty are not evidence.

Plaintiff has been warned by Magistrate Judge Pizzo that if Plaintiff did not pay the Court-ordered sanction, Plaintiff could have his case dismissed with prejudice. (Dkt. 136). Plaintiff has chosen to ignore this warning and has not paid one penny of his Court-ordered sanction. (Dkt. 145). Further, the Court finds that there is no lesser sanction that will compel Plaintiff to pay the sanction, because Plaintiff has not made any payment of the sanction even after the Court has ordered him twice to pay the sanction and after Defendant, TSI, has offered Plaintiff two different payment plans to allow Plaintiff to satisfy the payment under more generous terms than those imposed by the Court. (Dkt. 90; 136; 145 Exhibit E, Exhibit G).

Therefore, the Court having considered all the arguments of the parties, and the entire record of this case, is convinced that it is appropriate to grant Defendant, TSI's, Motion to Dismiss with prejudice. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss with prejudice (Dkt. 144) be **granted** and Plaintiff's Complaint be **dismissed** with prejudice. The Clerk of the Court be **directed** to enter judgment in accordance herewith.