Tony L. **PHIPPS**, Plaintiff–Appellant,

v.

Leon H. **BLAKENEY**, et al.,
Defendants–Appellees.

No. 92–8743
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Dec. 7, 1993.

Tony L. Phipps, pro se.

Daniel A. Caldwell, III, Asst. U.S. Atty., Atlanta, GA, for defendants-appellees.

Before EDMONDSON, COX and CARNES, Circuit Judges.

EDMONDSON, Circuit Judge:

In this case, a *pro se* plaintiff refused to comply with several court orders about discovery and wrote to the district court that he had no intention of complying with future orders. Relying on Fed.Rule Civ.Pro. 37, the district court dismissed the action with prejudice. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

*Pro se* appellant Phipps filed suit in federal court alleging various state and federal constitutional violations against the United States of America and agents of the Federal Bureau of Investigation ("the government"). The charges were based on his treatment during a mistaken arrest. Over time, all but an assault claim were dismissed.[1]

Because the assault claim was to proceed to trial, the government filed a notice of deposition stating that plaintiff would be deposed October 10, 1991. Phipps failed to appear.[2] So, by order in January, 1992, the district court granted the government's motion to compel plaintiff to appear to be deposed. In that order, the court made it clear that failure to appear would result in Rule 37 sanctions, including a dismissal of the case. Phipps appealed the order, but the appeal was dismissed by us for lack of jurisdiction. *Phipps v. Blakeney*, No. 92–8181 (April 30, 1992).

After the dismissal of Phipps' interlocutory appeal, the district judge granted the government's motion for a discovery conference in the action. The district court granted the motion and directed the parties to attend a conference on May 22, 1992. At the same time, the court again ordered Phipps to attend his deposition when scheduled by the defendants. Phipps did not attend the conference. And Phipps did not attend his deposition, scheduled for June 11, 1992. In-

---

1. The district court ultimately granted the defendant's motion for summary judgment on Phipps' other claims. The first time the district court granted summary judgment, this Court granted Phipps' *in forma pauperis* petition to appeal the district court's action. We vacated and remanded on the grounds Phipps was given inadequate notice about the rules and consequences of summary judgment before the disposition of his claims. *Phipps v. Blakeney, et al.,* 927 F.2d 613 (11th Cir.1991). On remand, the district court gave Phipps an opportunity to respond to the government's summary judgment motion pursuant to Rule 56. He did not do so. Instead,

Phipps filed a Notice to Take Deposition of "[Judge] Evans' secret witness[.]" The district court granted the government's Motion for a Protective Order to prevent any such deposition and stayed all discovery. It then granted the government's motion for partial summary judgment.

2. Meanwhile, Phipps appealed the district court's second order granting summary judgment. We dismissed for lack of jurisdiction. *Phipps v. Blakeney,* No. 91–8622 (Sept. 10, 1991).

stead, Phipps, in writing, informed the court on June 22, 1992 that he would be attending no discovery conferences or depositions.[3]

Three days later, despite Phipps' defiance, the district judge gave Phipps one more chance, warning him for a second time that failure to attend his next scheduled deposition would result in the dismissal of his suit. Also, the district judge taxed Phipps $47.44 in costs for the earlier deposition he missed.[4] Despite the warning and the imposition of the costs sanction, Phipps did not attend a deposition scheduled for July 14, 1992. Appellees moved that Phipps' suit be dismissed with prejudice, citing Fed.Rule Civ.Pro. 37(b)(2)(C). Without stating that lesser sanctions would be inadequate, the district court did dismiss Phipps' case as a sanction for his willful failure to comply with the district court's discovery orders. Phipps appeals the dismissal.

## II. DISCUSSION

■ The district court has broad discretion to control discovery. This power includes the ability to impose sanctions on uncooperative litigants. *Fed.Rule Civ.Pro. 37(b)(2)(C)*. Dismissal with prejudice is the most severe Rule 37 sanction and is not favored. *See Bonaventure v. Butler*, 593 F.2d 625 (5th Cir.1979). But, dismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault. *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976). We review a district court order of sanctions for abuse of discretion. *Navarro v. Cohan*, 856 F.2d 141 (11th Cir.1988).

■ No one disputes in this case that plaintiff willfully and deliberately refused to comply with multiple court orders. The question is whether, under these facts, the district judge was required to state (explicitly or implicitly) that she had considered lesser sanctions and found them inappropriate before she could properly dismiss the suit. The answer is "no".

Phipps disobeyed several discovery orders. He was warned repeatedly about dismissal as a sanction for disobedience. He was given numerous chances to cooperate. And, in fact, lesser sanctions were tried: plaintiff was assessed costs for his failure to comply with discovery orders. Then plaintiff declared, *after* he had been flatly threatened with dismissal, that he "had no intention" of appearing at his own deposition or at discovery conferences. No explanation on why lesser sanctions would not have worked was necessary. *See Hashemi v. Campaigner Publications, Inc.*, 737 F.2d 1538 (11th Cir. 1984); *Navarro*, 856 F.2d at 142; *Phillips v. Insurance Co. of North Amer.*, 633 F.2d 1165 (5th Cir., Unit B, 1981); *see also Moon v. Newsome*, 863 F.2d 835, 839 (11th Cir.1989). We know enough to judge the case.

We intend to protect the ability of district courts to police discovery simply and speedily.[5] When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access

---

3. His letter to the court, in which he repeatedly accused the district judge of being a liar, a cheat, "full of B.S., corrupt, evil, wicked, bad, ... a racist" and engaged in fraud, was to "clarify that the plaintiff had no intention of appearing." He also acknowledged the district judge's warning that if he failed to appear at his deposition again, his suit would be dismissed. He concluded by angrily asserting that a "[b]lack son of a bitch just can't get justice nowhere in America!" (Rec. Vol. 2–91).

4. Again, Phipps appealed the discovery order and again the appeal was dismissed for lack of subject matter jurisdiction. *Phipps v. Blakeney*, No. 92–8691 (Nov. 17, 1992).

5. The Supreme Court in *National Hockey League* warned against the "natural tendency on the part of reviewing courts ... to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order." *National Hockey League*, 427 U.S. at 640, 96 S.Ct. at 2779–80. The Court advised that district courts must have available such severe sanctions for use in appropriate cases "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such deterrent." *Id.* at 643, 96 S.Ct. at 2781.

to the court to pursue the case. In those circumstances, we will not go beyond the words of Rule 37(b)(2)(C); we will impose no additional burden to discuss lesser sanctions on the district judge. We conclude from the record in this case that dismissal was warranted.

■ We stress that this case is not a close one in which we need further elaboration (in the form of an explanation why lesser sanctions would not suffice) from the district court before we can endorse a dismissal. To state why lesser sanctions will not do is a good practice on the part of a district court using dismissal as a sanction. This information helps us in reviewing the dismissal; and, as our case law shows, the failure to explain why a lesser sanction was not used may result, in the close cases, in a reversal or vacation of an order of dismissal.[6] But some cases speak for themselves and are clear enough without the district court adding a section to its opinion to explain why lesser sanctions were not used. This case is one of those cases. *See National Hockey League*, 427 U.S. at 640, 96 S.Ct. at 2779; *Bonaventure*, 593 F.2d 625. A review of the record in this case shows that there was no abuse of discretion.

The judgment is AFFIRMED.

**6.** For example, dismissals pursuant to Fed.Rule Civ.Pro. 41(b) for failure to prosecute have frequently not been affirmed in cases where a plaintiff was represented by counsel and the district court did not find (explicitly or implicitly) that "lesser sanctions will not suffice." *See, e.g., Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir.1985); *Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923 (11th Cir.1986); *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 181 (5th Cir.1980). This custom draws its support from the idea that only as a last resort should parties be punished by dismissal of their case for their lawyer's failings. Here, Phipps is being punished under Rule 37 for his own acts.