**Johnny E. JENKINS, Plaintiff,**

v.

**Beck CAMPBELL, et al., Defendants.**

**No. 5:97–CV–678(WDO).**

United States District Court,
M.D. Georgia,
Macon Division.

April 10, 2001.

Leon Strickland Jones, Atlanta, GA, R. Mark Dougall, Nashville, TN, for plaintiff.

Timothy Harden, III, Macon, Jay S. Bowen, Nashville, TN, for Beck Campbell aka Beck, Polygram Records, Inc., Polymedia, Karl Stephenson, Tom Rothrock, Rob Schnapf, Cyanide Breathmint, Nothin' Fluxin' Music, and Brad Lambert dba Bongload Records.

Ronald T. Coleman, Jr., John J. Neely, III, Atlanta, GA, Sandra A. Crawshaw, Proskaued, Rose LLP, New York City, for Geffen Records, Inc., DGC, Inc., and Universal Music & Video Distribution, Inc.

## ORDER

OWENS, District Judge.

This matter is before the Court on Plaintiff's Motion to Compel [Tab 103] and Defendants' Motion for a Protective Order [Tab 109].

## INTRODUCTION

As the facts of this case are fully set out in the July 11, 2000 Order granting partial summary judgment for Defendants, a brief synopsis of the pertinent facts will be set out here. Plaintiff filed suit in this case claiming wrongful conduct by the Defendants' regarding the use of certain music which Plaintiff argues is partially owned by him. Plaintiff argues that he owns the rights to the master recording of "I Walk on Gilded Splinters" which was recorded in late 1969 or early 1970 on the album entitled *Ton Ton Macoute!*. Plaintiff argues Defendants have used this song in whole or in part contrary to his monetary and proprietary interest. In Plaintiff's Amended Complaint he asserted the following claims against Defendants:

1. Unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1);

2. Unfair competition in violation of Georgia Code § 10–1–370 *et seq.*;

3. Wrongful conduct in violation of Georgia Code § 16–8–60;

4. Conspiracy to:
   — defraud the Plaintiff and third parties,
   — to commit record piracy,
   — to violate the Lanham Act,
   — to wrongfully claim copyright in and to the compilation of certain songs allegedly belonging to Plaintiff,
   — to violate Plaintiff's rights in and to the commercial use of his name,
   — to falsely designate the source of certain songs, and
   — to defame Plaintiff.

5. Common law copyright infringement;

6. Unjust enrichment;

7. Defamation;

8. Tortious interference with business relations; and

9. Breach of contract.

On July 11, 2000, this Court entered summary judgment in favor of Defendants on all of the above claims except for (1) the breach of contract claim and (2) the unfair competition claim as it relates to the recent re-release of *Ton Ton Macoute!* as well as the release of the *Duane Allman Anthology* both of which contain portions of the song in dispute. Those claims remain to be tried or

otherwise adjudicated after discovery has been completed.

On November 21, 2000, a discovery conference was held to determine the status of discovery in this case on the remaining claims. The Court instructed all parties to submit to the Court the discovery each wishes to seek in the form of a Motion to Compel as to past discovery and written interrogatories as to future discovery. *See* Tr. at 11, 14, 21. This was to be completed within 30 days of the conference. *Id.* The Court also instructed the parties that objections to the requests for discovery would be due within 30 days of receipt of the requests. *Id.* at 22.

The dispute at this point is over the scope of discovery and the status of the claims remaining after the entry of summary judgment. Plaintiff argues he is entitled to discovery regarding any matter relating to any of the claims as set out in the Amended Complaint. Defendants argue that Plaintiffs are only entitled to discovery on the remaining claims—breach of contract and unfair competition regarding the more recently released albums.

## I. Status of Claims Asserted in the Amended Complaint

Plaintiffs rely on Federal Rule of Civil Procedure 54(b) for the proposition that, regardless of the entry of partial summary judgment in this case, all claims remain viable and thus they are entitled to broad discovery regarding all claims initially asserted. Rule 54 states

In the absence of [the entry of final judgment in a case], any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

FED. R. CIV. P. 54(b).

Plaintiff interprets this rule incorrectly when he relies on it for the argument that all of the initial claims in the Amended Complaint are still viable. While a final judgment disposing of the entire case has not yet been entered, all claims other than the claim for breach of contract and unfair competition have been adjudicated in Defendants' favor. Consequently, the only parties actually remaining potentially liable in this suit are those who have knowledge of or were involved with the activities which gave rise to those two distinct claims. Therefore, there is no basis for the discovery of any of the individuals or documentary evidence that would lead to evidence regarding any of the claims found in Defendants' favor on partial summary judgment. Rule 54 only provides that any or all of the findings in the partial summary judgment Order may be revised by this Court at any time prior to the entry of a final judgment disposing of the case as a whole. Based on the rules of procedure and evidence, this concept does not entitle Plaintiff to the extensive discovery he seeks.

## II. Scope of Discovery

The starting point for a discussion of the rules governing the scope of discovery is Rule 26 of the Federal Rules of Civil Procedure. This rule states that

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows ... Parties may obtain discovery regarding any matter, ..., which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including ... any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1). The rule also states that a court may limit discovery when the "burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, ... and the importance of the proposed discovery in

resolving the issues." *Id.* at 26(b)(2). Under certain circumstances, the party from whom discovery is sought may move for a protective order requesting the court to relieve it of the obligation to respond to the discovery requests. This motion may be considered by the court when the discovery sought would cause "undue burden or expense" on the party from whom the information is sought. *Id.* at (c). The party must file along with its motion for a protective order a certificate stating that the party has attempted in good faith to consult with the other side in an attempt to work through the discovery issues. Further, the district court has broad discretion to control discovery. *Phipps v. Blakeney,* 8 F.3d 788, 790 (11th Cir.1993) (discussed the ability of a district court to dismiss a suit because of discovery abuses). District courts have "the ability . . . to police discovery simply and speedily." *Id.* For example, the court can order "that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters." *Id.* The most important concept to glean from a close reading of the current discovery rules is that parties are to engage in discovery only as to matters relevant to or otherwise helpful to the case.

The issue of relevancy is the next analysis for the discovery problems in this case. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. "Evidence which is not relevant is not admissible." *Id.* at 402. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of . . . confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Id.* at 403.

Even though evidence sought through discovery does not itself have to be admissible in trial, the information must be such as would lead to admissible evidence. FED. R. CIV. P. 26(b)(1). Most of the evidence sought by Plaintiff in his discovery requests is not relevant to the issues currently before the court. Neither would any of the information nor testimony sought *lead* to any admissible evidence relevant to the issue currently pending. Most of the information sought by Plaintiffs concern the issues decided adversely to him on summary judgment. Nearly every one of the depositions sought by Plaintiff is of individuals who have, in effect, been dismissed from this lawsuit by virtue of the partial summary judgment.

While a final judgment disposing of the case as a whole has not been entered, most claims in Plaintiff's Amended Complaint have been decided. Plaintiffs erroneously rely on the wording of Rule 54, *supra,* for the proposition that all claims are still pending and thus viable. However, as already explained, the wording of Rule 54 merely states that this Court may revise its partial summary judgment Order at any time prior to the entry of final judgment. Rule 54 does not give the Plaintiff a broad license to engage in extremely costly, unproductive discovery on issues no longer relevant to this litigation. Most of the discovery sought by Plaintiff would only serve to complicate the case at this point and cause a confusion of the issues remaining for trial. Accordingly, Plaintiff's Motion to Compel is DENIED IN PART.

The status of the parties' motions as this point, and the discovery process as a whole, is as follows. Plaintiff's Motion to Compel is DENIED as it relates to discovery sought on any of the claims already adjudicated on summary judgment. Plaintiff's Motion to Compel is GRANTED as to any information which will support Plaintiff's remaining claims or any of Defendants' defenses to said claims. Defendant's Motion for a Protective Order is GRANTED as to any discovery sought on previously adjudicated claims. Defendants' Motion for Protective Order as to any information relating to the remaining claims is DENIED.

Defendants are not permitted to make any further objections to the pending discovery requests. This Court gave strict orders in the November 21, 2000 conference that any objections to any discovery requests were to be made within 30 days of the receipt of those requests. That 30-day period has come and gone.

There will be no costs or attorney fees awarded at this time to Plaintiff as Defendants' were reasonably justified in their positions to withhold information relating to the claims decided in their favor on summary judgment. *See* FED. R. CIV. P. 37(a)(4)(A). Although the Defendants should not have withheld information regarding the remaining claims, they will be given one last chance to faithfully and promptly comply with this Order regarding the permitted discovery. If Defendants do not promptly comply with this Order, Defendants will face the strictest sanctions available which are appropriate to this particular situation.

In the interests of finally bringing this case to trial after more than three years, all parties are to strictly and expeditiously comply with the discovery requests heretofore submitted. The parties are given 90 days from the date of this Order to comply with any previously submitted discovery requests to the fullest extent possible with prompt supplementation if that situation arises. Any information not submitted during this 90–day period will not be available to any party for support of any claim or defense at trial. Further, within 30 days after the expiration of this 90–day period, a final pre-trial conference will be held to resolve any pending issues so that this case may proceed to trial as soon as possible.

Accordingly, Plaintiff's Motion to Compel is GRANTED in part and DENIED in part. Defendants' Motion for Protective Order is GRANTED in part and DENIED in part. Further, as the issues in the parties' more recently filed motions cover the same issues addressed in this Order, those pending motions are hereby DISMISSED AS MOOT.