[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2005
THOMAS K. KAHN
CLERK

No. 04-14277
Non-Argument Calendar
_____

D.C. Docket No. 03-00316-CV-CWH-5-1

ROBERT LEE TAYLOR,

Plaintiff-Appellant,

versus

T. TAYLOR,
B.C. WALKER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 6, 2005)

Before BLACK, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Robert Lee Taylor, a state prisoner proceeding *pro se*, appeals the dismissal

with prejudice of his Eighth Amendment claim alleged in his 42 U.S.C. § 1983

civil complaint.  First, Taylor argues that the magistrate judge erred by imposing a monetary sanction upon him for his failure to participate in a deposition.  Second, Taylor claims that the district court erred in subsequently dismissing his Eighth Amendment claim based on a failure to pay the sanction as ordered.

The facts relevant to this appeal concern the taking of Taylor's deposition. Taylor proceeded and continues to proceed *pro se* and *in forma pauperis* (IFP). Defendants, having provided proper notice, attempted to take Taylor's deposition during discovery.  At the deposition, Taylor repeatedly stated that he objected to the deposition as a form of discovery.  He asserted this objection to protect his Fifth Amendment rights.  He continued to refuse to submit to the deposition even after defendants' counsel showed him the order of the magistrate authorizing the deposition.  In response, on May 18, 2004, the district court granted defendants' motion to compel Taylor to testify and ordered him to pay the reasonable costs and attorney's fees expended in their initial attempt to depose him within sixty days. Taylor responded on May 21, 2004 with a statement that he was unable to pay court fees or attorney's fees because of his indigence.  On August 13, 2004, the district court dismissed Taylor's suit with prejudice, citing his failure to comply with its order to compensate defendants.

We review the imposition of a discovery sanction under Federal Rule of Civil Procedure 37 "for an abuse of discretion and a determination that the findings of the trial court are supported by the record." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994) (citations omitted). Rule 37 states that the court may order a party who fails to attend his own deposition to pay the reasonable expenses, including attorney's fees, caused by the failure. Fed. R. Civ. P. 37(d). Under our caselaw, a district court may impose monetary sanctions "without a showing of willfulness or bad faith on the part of the disobedient party." *BankAtlantic*, 12 F.3d at 1049. Furthermore, the district court has broad discretion in imposing a monetary sanction. *Id.* at 1048. Taylor's IFP status does not limit courts' discretion to assess fees against him. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

Taylor was given notice in the court's initial order permitting his Eighth Amendment claim that he would be subjected to a deposition by the defendants. This notice was repeatedly brought to his attention at the attempted deposition. Taylor's continued objections to the deposition, his refusal to be sworn, and his refusal to testify about anything outside the allegations in his complaint amounted to a refusal to participate in the deposition. Under Rule 37, the court was within

3

its discretion to sanction Taylor. Therefore, the district court did not err in ordering Taylor to pay defendants' fees and expenses.

Taylor next argues that the district court's dismissal of his claim was in error. We review a district court's dismissal for failure to comply with a court order for abuse of discretion. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action for a party's failure to comply with an order of the court to permit discovery or satisfy a sanction. Fed. R. Civ. P. 37(b)(2)(C). Because dismissal with prejudice is considered a drastic sanction, a district court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith, *see BankAtlantic*, 12 F.3d at 1049, and (2) the district court specifically finds that lesser sanctions would not suffice, *see Gratton v. Great Am. Communications*, 178 F.3d 1373, 1375 (11th Cir. 1999). A plaintiff's simple negligence does not warrant Rule 37 dismissal. *See Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

In *Moon*, we held that "*in forma pauperis* status alone does not make obvious [a party's] inability to pay any costs whatsoever." *Moon*, 863 F.2d at 838. Reliance on an earlier establishment of IFP status is not enough to meet this burden. *See id.* An IFP litigant faced with a monetary sanction should attempt to

4

comply with the sanction or detail unsuccessful efforts to comply for the court. *Id.* However, "[w]here monetary sanctions are imposed on an IFP litigant and the litigant comes forward showing a true inability to pay" we have noted that "it might be an abuse of discretion for the court then to dismiss for failure to pay." *Id.* at 838 (citing *Hornbuckle v. Arco Oil & Gas Co.*, 732 F.2d 1233, 1237 (5th Cir. 1984) ("The ultimate sanction for the litigant is dismissal of his case with prejudice. This most extreme penalty should be imposed only after full consideration of the likely effectiveness of less-stringent measures.")).

In this case, Taylor made a proffer stating his inability to pay. In his statement of May 21, 2004, he did not simply reiterate his IFP status; rather, he responded directly to the order of the court which required him to pay defendants' costs and attorney's fees. In Taylor's words, "Plaintiff ha[s] no fee, to pay out to the courts or any fee to pay out to an attorney. Plaintiff is indigent . . . . Plaintiff states to the court now the $633.46 can not be payed [sic] because Plaintiff is indigent." We think that Taylor has come forward with a statement tending to show his inability to pay. This constitutes neither flagrant disregard nor willful disobedience of the court's order. *Cf. Phipps v. Bakeney*, 8 F.3d 788, 790 (11th Cir. 1993) (citing *Moon* and holding that dismissal with prejudice was appropriate

5

when the plaintiff indicated that he "had no intention" of appearing at his own deposition or discovery conferences).

While the district court may ultimately decide that Taylor has the capacity to pay or has behaved in a wilfully disobedient manner, it abused its discretion by failing to consider his statement in its dispositive motion. The court thus appears to have imposed the most extreme sanction available to it without considering less severe sanctions that were available to it. While we have held that a court is not required to state in its dismissal that it has considered less severe sanctions, *see Phipps* 8 F.3d at 791, it should have at least passed on the question of whether Taylor had a bona fide inability to pay when presented with his statement to that effect.

In light of the foregoing, we hold that the district court did not err in imposing a monetary sanction for Taylor but did abuse its discretion in dismissing Taylor's claim for failure to comply with its order to pay attorney's fees and expenses. Accordingly, we affirm in part and reverse and remand in part for proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED AND REMANDED IN PART.**