[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12214
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 9, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-01715-CV-TWT-1

JOE E. GARY, JR.,

Plaintiff-Appellant,

versus

CAPITAL ONE AUTO FINANCE, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 9, 2007)**

Before WILSON, PRYOR and COX, Circuit Judges.

PER CURIAM:

Joe Gary appeals dismissal of his civil action against Capital One Auto Finance, Inc. The district court dismissed Gary's action, without prejudice, after Gary failed to comply with its order compelling discovery. We affirm.

Gary sued Capital One alleging fraud in the collection of a note and repossession of his vehicle. The court dismissed Gary's action after Capital One filed, and the court granted, a second motion compelling Gary to produce discovery. Gary argues (1) that he satisfied his obligations in responding to Capital One's discovery requests and (2) that in some instances he was entitled to not respond or provide complete responses because Capital One was on a "witch hunt" by seeking irrelevant information. (Brief for Appellant at 24.) Gary opined in his deposition that all of Capital One's discovery requests were "garbage." (R.4-47 at 5.)

Capital One maintains Gary's uncooperativeness, incomplete and evasive answers, and general refusal to participate in discovery prevented it from maintaining a defense, forcing it to seek an extension of the discovery deadline. And, Capital One insists that the district court's dismissal without prejudice of Gary's action was the only effective sanction given Gary's refusal to participate in discovery, a refusal based on Gary's own willfulness, bad faith, or substantial fault.

We review discovery sanctions for abuse of discretion. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). Dismissal of an action is a permissible sanction for failure to comply with a court's discovery order. Fed. R. Civ. P. 37. Therefore, the issue on appeal is whether the district court abused its discretion in sanctioning Gary under Rule 37 by dismissing his action without prejudice. We find the district court did not abuse its discretion and affirm.

The record reflects that Gary was uncooperative and at times affirmatively frustrated the discovery process. For example, Gary testified at his deposition that he would not look for documents Capital One requested he produce, despite acknowledging they were in his possession. Gary's responses to Capital One's interrogatories–tendered only after the district court granted Capital One's first motion to compel–further exemplifies his failure to constructively participate in discovery. Gary failed to properly respond to many of the twenty-six interrogatories proffered by Capital One. While Gary was certainly entitled to object to any interrogatory that sought irrelevant or privileged information, his responses and objections were not grounded in any recognizable discovery rule.

In its order granting Capital One's first motion to compel, the district court observed that Gary's initial discovery responses were "evasive and incomplete." The court gave Gary an opportunity to comply with its order and only dismissed

3

Gary's action after Capital One filed a <u>second</u> motion to compel.  Additionally, the fact that the court dismissed without prejudice and explicitly permitted Gary to file again–and pay full filing fees–leads us to conclude that the district court crafted a permissible sanction.  On this record, we cannot say the district court abused its discretion in dismissing Gary's action without prejudice.

AFFIRMED.