[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 07, 2010
JOHN LEY
CLERK

No. 09-14516
Non-Argument Calendar
_____

D. C. Docket No. 08-00174-CV-BAE-4

NOEL ROMERO DOYE,

Plaintiff-Appellant,

versus

JASON COLVIN,
Sheriff Deputy,
CAPTAIN BRUCE DUNCAN,
Assistant Administrator, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 7, 2010)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Noel Romero Doye appeals *pro se* the district court's dismissal of his 42 U.S.C. § 1983 lawsuit against prison officials for their alleged physical abuse and medical neglect. The district court dismissed his suit pursuant to Rules 37(b) and 41(b) of the Federal Rules of Civil Procedure for Doye's refusal to submit to a deposition. On appeal, Doye raises two issues. First, Doye contends the district court failed to make a *de novo* review of the record before adopting the magistrate judge's report and recommendation stating the complaint should be dismissed. Second, Doye asserts the district court erred in dismissing the complaint because his refusal to submit to the deposition was not a willful or bad faith violation of any discovery order and thus, dismissal was unwarranted under Rules 37 and 41. Upon review, we conclude the district court erred in dismissing Doye's complaint and vacate and remand for further proceedings.

I.

Doye first contends the district court failed to conduct a de novo review of the record prior to adopting the magistrate judge's report and recommendation. A district court may request the report and recommendation of a magistrate judge on certain pre-trial motions pending before the court. *See* 28 U.S.C. § 636(b). If a party objects to any portion of the magistrate judge's report and recommendation, the district court judge must "make a de novo determination of those portions of

2

the report or specified proposed findings or recommendations to which objection is made," before adopting or rejecting the report and recommendation. 28 U.S.C. § 636(b)(1). The district court's de novo review must include an "independent consideration of factual issues based on the record." *Diaz v. United States*, 930 F.2d 832, 836 (11th Cir. 1991).

In its order adopting the magistrate judge's report and recommendation and dismissing Doye's § 1983 suit, the district court specifically stated it had conducted "a careful de novo review of the record in this case." Doye has presented no evidence that leads us to question the veracity of the district court's statement or causes us to conclude the district court violated § 636(b) in adopting the magistrate judge's report and recommendation.

## II.

Doye next contends the district court erred in sanctioning him with the dismissal of his complaint, because the defendants' attorney did not provide Doye with proper notice of the deposition to which Doye declined to submit. Federal Rule of Civil Procedure 37(b) provides a district court with authority to impose sanctions, including dismissal of suit, on a party for failing to comply with a discovery order. Fed. R. Civ. P. 37(b). Likewise, Rule 41(b) allows a defendant to move for involuntary dismissal if the plaintiff fails to comply with a court order.

3

Fed. R. Civ. P. 41(b). The "trial court's discretion regarding discovery sanctions is not unbridled," however, as we have "consistently held" that "dismissal is justified only in extreme circumstances and as a last resort." *Wouters v. Martin County, Fla.*, 9 F.3d 924, 933 (11th Cir. 1993) (discussing Rule 37(b) dismissal); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985) (discussing the hesitancy a court should have in dismissing a case pursuant to Rule 41(b)).

When a district court dismisses a plaintiff's complaint as a discovery sanction under Rules 37 and 41, we review for abuse of discretion and to ensure "that the findings of the trial court are fully supported by the record." *See BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994) (quotations and citations omitted) (discussing dismissal pursuant to Rule 37); *Goforth*, 766 F.2d at 1535 (reviewing dismissal under Rule 41). An abuse of discretion "occurs if the court fails to apply the proper legal standard or to follow proper procedures in making the determination," or if the court relies on "clearly erroneous" facts. *See Gray ex rel. Alexander v. Bostic*, 570 F.3d 1321, 1324 (11th Cir. 2009) (quotation omitted) (addressing an award of attorney's fees).

Because it is such a drastic sanction, before dismissing a lawsuit pursuant to either Rule 37 or 41, a district court must first find (1) the plaintiff's failure to comply with relevant order was willful or in bad faith; and (2) lesser sanctions

4

would not suffice. *See Wouters*, 9 F.3d 933–34 (reversing Rule 37(b) dismissal); *Goforth*, 766 F.2d at 1535 (discussing prerequisites to a Rule 41(b) dismissal). The district court is not required to explicitly state its consideration of lesser sanctions before dismissing the suit if the record "clearly demonstrates" that the sanctionee "deliberately and defiantly refused to comply with" the court's discovery orders. *Phipps v. Blakeney*, 8 F.3d 788, 790–91 (11th Cir. 1993). Nevertheless, we have noted that in some "close cases," the district court's "failure to explain why a lesser sanction was not used may result . . . in a reversal or vacation of an order of dismissal." *Id.* at 791.

We conclude the district court's dismissal of Doye's complaint was not supported by the findings or analysis required by our precedent. First, the record in this case does not support the finding that Doye willfully or in bad faith refused to comply with the discovery order in question. Second, the magistrate judge's report and recommendation, adopted by the district court, appears to have omitted any consideration of whether, had Doye's conduct been willful, lesser sanctions would have sufficed to achieve the goals of Rules 37 and 41.

The district court entered an order stating defendants could depose Doye "as noticed prior to June 22, 2009." Rule 30 of the Federal Rules of Civil Procedure requires that a party seeking to depose someone provide reasonable written notice

5

to every other party of, *inter alia*, the time and place of the deposition.  Fed. R. Civ. P. 30(b)(1).  Originally, defendants sought to depose Doye on May 29, 2009.  Defendants provided Doye with notice, and Doye prepared himself for that deposition.  Defense counsel, however, failed to show up at Doye's correctional facility for the scheduled deposition.  The day of the missed deposition, defense counsel mailed notice that he was rescheduling the deposition for June 3, 2009.  Thus, notice was mailed to Doye only four days prior to the date of the newly proposed deposition date.  Doye claims not to have received notice, and there is no evidence on record suggesting to the contrary.  In fact, defendants admit that four days was insufficient "to have supplied Doye with advance written notice, given the constraints of the United States Postal Service and the prison's mail system."

Doye claims that when defense counsel arrived at his prison on June 3, he did not submit to the deposition because he was not mentally or medically prepared to be deposed.  He claims he was not  disobeying the court's discovery order willfully or in bad faith by refusing to be deposed, because he believed he had a right to proper notice.

The magistrate judge's report and recommendation rejects Doye's contention that he did not receive notice, citing the May 29 mailing which defendants themselves concede was unlikely to have reached Doye prior to June 3.

6

The magistrate judge then entirely dismisses the issue of whether Doye received actual notice of the rescheduling, stating it "ha[d] little bearing on this case," because Doye was "prepared for the deposition on May 29, and, as a prisoner, he had no scheduling conflicts that prevented his appearance [on the 3rd]." Rule 30 however, does not contain an exception to the notice requirement merely because the intended deponent is a prisoner.

Later, the district court judge, in granting Doye's petition to proceed in forma pauperis in the present appeal, acknowledged "the Court did not inquire into whether [Doye] had *actual* notice of the deposition" and that if Doye never received notice, "then he did nothing wrong by refusing to be deposed." We conclude there is nothing in the record that supports the proposition that Doye had actual notice his deposition had been rescheduled and thus nothing to support the finding that Doye's refusal to submit to the June 3 deposition was willful or bad faith violation of a discovery order. We, therefore, hold the dismissal of his complaint as a sanction for that refusal was an abuse of discretion.

Further, the adopted report and recommendation did not discuss whether lesser sanctions would have been appropriate, even had Doye's refusal to be deposed been a willful or bad faith violation. Rather, the magistrate judge states merely that "willfulness is a relevant consideration" in determining whether lesser

7

sanctions are appropriate. As explained above, however, precedent requires courts engage in a *two*-step analysis prior to dismissing a complaint for the violation of a discovery order: the court first determines if the violation was willful or in bad faith, next it determines whether lesser sanctions would suffice. This is not a case in which the evidence of willful disobedience renders superfluous explicit analysis of lesser sanctions, such as the lesser sanction requested by the defendants as an alternative to dismissal of the suit: a court order compelling Doye to submit to the deposition. In conflating the two prerequisite analytical steps to dismissal of the suit, the adopted report and recommendation erred.

Based on the aforementioned bases, we vacate the district court's dismissal of Doye's 42 U.S.C. § 1983 suit and remand for further proceedings.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**