[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-15740
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-03513-RLV

CHERYL REASE,

Plaintiff-Appellant,

versus

MHM CORRECTIONAL SERVICES, INC.,
WILLIAM BRICKHOUSE, Ph.D.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 3, 2014)

Before PRYOR, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Cheryl Rease appeals the dismissal of her amended complaint against her former employer, MHM Correctional Services, Inc., and her former supervisor, Dr. William Brickhouse (collectively "MHM"). Rease challenges the dismissal of her complaint, an order that compelled her to respond to requests by MHM for discovery, and an award of $15, 565.47 to MHM. We affirm.

The district court did not abuse its discretion by dismissing Rease's amended complaint. Dismissal of a complaint is an appropriate sanction "when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault," *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993), and the record supports the finding that Rease deliberately and defiantly refused to comply with orders of the district court. On October 17, 2012, a magistrate judge granted the motion of MHM to compel discovery based on evidence that, for several months, Rease had submitted partial responses to discovery requests and refused to provide further discovery materials, despite obtaining extensions to do so. When Rease failed to comply with the October 17 order or to contact MHM, it moved to dismiss Rease's complaint. On May 15, 2013, the district court denied the motion to dismiss and imposed the lesser sanctions that Rease comply with the October 17 order within ten days and pay more than $9,000 in attorney's fees to MHM. Rease again failed to comply, and Rease acknowledged some of her misconduct in response to the renewed

2

motion of MHM to dismiss Rease's complaint.  The district court reasonably determined that dismissal was an appropriate sanction for Rease's misconduct.

The district court also did not abuse its discretion by granting the motion of MHM to compel Rease to comply discovery requests.  Rease challenges the finding that MHM satisfied its duty to confer before filing its motion to compel, *see* Fed. R. Civ. P. 37(a)(1), but MHM attached to its motion a letter and three emails warning that it would file a motion to compel if Rease's attorney failed to comply with discovery requests.  Rease even concedes that MHM "attempt[ed] to talk to" her attorney.  The district court did not clearly err in finding that MHM attempted to confer with Rease before filing the motion to compel.

Rease also waived her challenge to the award of $15,565.47 to MHM.  After MHM filed its renewed motion to dismiss, the magistrate judge recommended that the district court grant the motion and award $15, 565.47 to MHM for the attorney's fees and expenses related to its first motion to dismiss.  A few days later, MHM petitioned for an award of $10, 346.97 for attorney's fees and expenses associated with their renewed motion to dismiss.  Rease responded that the district court would be "duplicat[ing] the award" if it were to give $10,346.47 to MHM after "sanction[ing] counsel $15,0000 already."  Because Rease never contested the award of $15, 565.47 to MHM, we will not consider the propriety of the award

for the first time on appeal. *See Access Now v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004).

We **AFFIRM** the dismissal of Rease's amended complaint.