[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14260
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00030-RH-CAS


HENRY J. LAFAVORS,

                                                            Plaintiff-Appellant,

versus

SCOTT THAYER, etc., et al.,

                                                            Defendants,

RONALD SOLORZANO,
Dr.,

                                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 18, 2017)

Before ROSENBAUM, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Henry LaFavors, a state prisoner proceeding pro se, appeals the district court's dismissal, for failure to comply with a court order, of his complaint brought under 42 U.S.C. § 1983. On appeal, LaFavors argues that the district court twice abused its discretion. First, LaFavors asserts that the district court wrongfully imposed a monetary sanction, despite his inability to pay, after he failed to attend a properly noticed deposition. Second, LaFavors contends that the district court erred in dismissing his complaint after he failed to pay the imposed sanction and failed to communicate directly with the court about his inability to do so. After careful consideration, we affirm the ruling of the district court.

## I.

The trouble in this case can be traced back to LaFavors's failure to attend his own deposition, without so much as advising opposing counsel in advance. As a result, Defendant-Appellee Dr. Ronald Solorzano unnecessarily incurred costs of $294.35. So Solorzano moved for sanctions in that amount and for dismissal. The district court ordered LaFavors to respond to the motion.

In response, LaFavors admitted that he did not attend the deposition. But he stated that he had tried unsuccessfully to contact opposing counsel about ten days before the deposition to request a telephonic deposition, since he said he was

2

unemployed and could not afford to travel from his home in Fort Lauderdale to the deposition in Tallahassee. LaFavors also asserted that he could not afford to reimburse the costs of the deposition.

The magistrate judge issued a report and recommendation ("R&R") recommending that the court impose a monetary sanction. Though the magistrate judge acknowledged that Rule 37 allowed for dismissal of the action, the magistrate judge noted that that was a severe sanction and opined that LaFavors had not yet crossed the line justifying dismissal. But, the magistrate judge warned, he was "perilously close." Accounting for LaFavors's financial condition, the magistrate judge recommended a sanction of $130.35 to be paid within 30 days.

The district court adopted the R&R and ordered LaFavors to pay $130.35 by December 17, 2014, and to submit to a deposition by January 20, 2015. The order expressly cautioned that "[f]ailing to pay may result in dismissal of this case." And it directed Solorzano to inform the court if LaFavors failed to pay the sanction by December 17, 2014.

On December 29, 2014, Solorzano filed a notice stating that LaFavors had made no payment towards the sanction. The magistrate judge then issued an order giving LaFavors "one final opportunity in which to comply with the sanction imposed" by paying the ordered amount by January 20, 2015.

3

On January 23, 2015, Solarzano filed a motion for extension of time to complete discovery. He explained that the parties had scheduled LaFavors's deposition for January 20, 2015. But on that morning, LaFavors had contacted opposing counsel to advise that he could not attend because of car trouble. The parties had agreed to reschedule the deposition for February 9, 2015, and asked the court to extend discovery until then.

The magistrate judge granted the motion and extended the discovery period until February 9, 2015. In addition, as LaFavors had not yet paid the sanction, the magistrate judge ordered LaFavors to pay the $130.35 by check or money order by February 9, 2015, and to file a notice with the court upon payment. The order warned that "[f]ailure to comply with this Court Order <u>will</u> result in a recommendation of dismissal of this action." Finally, the magistrate judge instructed Solorzano to notify the court within three days of LaFavor's noncompliance if LaFavors failed to comply.

But when February 13 rolled around, the court still had received no notice of payment from LaFavors and no notice of non-compliance from Solorzano. So the magistrate judge entered an order directing LaFavors to file a notice stating that he had paid the sanction.

Eleven days later, after LaFavors had not responded to the court's order, Solorzano filed a notice advising the court that LaFavors had attended the

deposition and had submitted a money order in the amount of $35.00.  Solorzano also noted that LaFavors had requested copies of discovery records that would cost $34.35, which Solorzano argued showed that LaFavors had more money to pay the sanction.

The magistrate judge issued an R&R recommending that the district court dismiss the case for failure to comply with court orders and failure to pay sanctions.  LaFavors did not file an objection to the R&R.

The district court adopted the R&R and dismissed LaFavors's case with prejudice.  In its order, the district court noted that, even after repeated extensions of time, LaFavors had failed to pay the imposed sanction or to show an inability to pay.  Nor had LaFavors filed an objection to the R&R.  And the district court noted LaFavors's actions in a previously dismissed case based on the same facts, where LaFavor had submitted fraudulent documents purporting to show an exhaustion of administrative remedies.  Based on this record, the district court concluded that "no sanction short of dismissal [would] be sufficient to bring about [LaFavors's] compliance."

## II.

We review the imposition of sanctions for abuse of discretion, ensuring that the district court's findings are fully supported by the record.  *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1360 (11th Cir. 2008).

Pro se litigants must comply with the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Even when a pro se litigant is indigent or proceeding *in forma pauperis* ("IFP"), he is subject to sanctions—including monetary sanctions—under these Rules. *Id.*

A district court may impose sanctions when a party fails to appear at his own deposition. Fed. R. Civ. P. 37(d). On the other hand, a party may be excused from paying a deposition's reasonable expenses when his absence is substantially justified or other circumstances make awarding expenses unjust. *See* Fed. R. Civ. P. 37(d)(3). "Substantially justified" means that reasonable people could differ as to whether missing the deposition was appropriate. *See Knight through Kerr v. Miami-Dade Cty.*, 856 F.3d 795, 812 (11th Cir. 2017). But mere mistakes do not excuse pro se parties from complying with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

If the court finds sanctions appropriate, it must include the reasonable expenses caused by the sanctioned party's absence. *See* Fed. R. Civ. P. 37(d)(3). But the court must also consider the sanctioned party's financial ability in determining whether to impose monetary sanctions. *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998).

Here, the district court did not abuse its discretion in ordering LaFavors to pay sanctions for his failure to appear for his own deposition. LaFavors knowingly

failed to attend his own properly noticed deposition.  And he did so without even having the courtesy to advise opposing counsel in advance.  As a result, Solorzano incurred unnecessary costs and fees.   Under these circumstances, LaFavors's absence could not be described as "substantially justified." and the imposition of costs on LaFavors was not otherwise unjust.  So the court properly exercised its discretion, accounting for LaFavors's financial condition[1], in requiring LaFavors to bear at least a portion of the costs and fees he unnecessarily inflicted on Solorzano.  Indeed, Rule 37(d)(3), Fed. R. Civ. P., requires the district court to impose sanctions on an offending party in these circumstances.  *See* Fed. R. Civ. P. 37(d)(3) ("[T]he court ***must*** require the party failing to [attend its properly noticed deposition], the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.") (emphasis added).

## III.

When a district court dismisses a case for failure to comply with a court order, we review the dismissal for abuse of discretion.  *See Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993).

---

[1] LaFavors originally did not seek to proceed *in forma pauperis* and paid a $350 filing fee upon filing the original complaint.  The complaint that was ultimately dismissed was the eighth amended complaint.

If a party fails to obey a discovery order or to attend his own deposition, a district court may dismiss the party's action. *See* Fed. R. Civ. P. 37(b)(2)(A)(v), (d)(3). Because dismissal is a drastic sanction, a district court must first find that the party's failure to comply with the relevant order was willful or in bad faith and that lesser sanctions would not have sufficed. *See OFS Fitel, LLC*, 549 F.3d at 1366 n.24; *Wouters v. Martin Cty.*, 9 F.3d 924, 933-34 (11th Cir. 1993).

When a party disregards a court order despite forewarning that dismissal could result, a subsequent dismissal is generally not an abuse of discretion. *Moon*, 863 F.2d at 837. If a pro se party believes he cannot fulfill a court order, such as a monetary sanction, he must timely, directly, and particularly explain his inability to comply. *See id.* at 838 n.5. Naked claims of destitution will not bar dismissal for failure to comply with sanctions. *See id.* at 838-39.

Here, the district court gave LaFavors multiple opportunities to comply with its order requiring payment of the sanction or to explain why he could not. And the court specifically warned that dismissal would result if LaFavors failed to comply with the district court's ultimate payment order. Yet LaFavors failed to obey the district court's order to fully pay the sanction, and he did not provide any explanation for his delinquency. Indeed, he did not respond at all to the court's order directing him to file a notice of payment. He likewise filed no objections to the magistrate judge's recommendation of dismissal. Under these circumstances,

8

we cannot say that the court clearly erred in concluding that LaFavors's failure to comply was willful or that lesser sanctions would have been inadequate.  In short, the district court did not abuse its discretion when it dismissed LaFavors's complaint.

**AFFIRMED.**