[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13507
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cv-01961-SCJ

NOURADDINE OMAR HAJI,

Plaintiff - Appellant,

versus

NCR CORPORATION,

Defendant - Appellee,

ALAN THOMAS, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 24, 2020)

Before MARTIN, BRANCH and MARCUS, Circuit Judges.

PER CURIAM:

Nouraddine Haji appeals from the district court's dismissal of his pro se complaint against his former employer, NCR Corporation, pursuant to Fed. R. Civ. P. 37 and 41(b).  Haji's complaint alleged that NCR had discriminated against him and subjected him to a hostile work environment due to his religion, among other things, in violation of Title VII.  On appeal, he argues that the district court abused its discretion in dismissing his complaint because of his pro se status and because he did not willfully violate discovery orders.  After thorough review, we affirm.

We review the dismissal of an action under Rule 37 or Rule 41 for abuse of discretion.  Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999).  "Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education." GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009).  However, pro se litigants who ignore discovery orders are subject to sanctions like any other litigant.  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  Also, a district court's judgment will be affirmed if an appellant fails to challenge each of the court's independent, alternative grounds for its ruling.  Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 680 (11th Cir. 2014).

If a party fails to comply with a district court's discovery order, the district court may impose sanctions, including "dismissing the action . . . in whole or in

2

part."  Fed. R. Civ. P. 37(b)(2)(A)(v).  However, the district court must exercise caution before imposing dismissal as it is the "most severe Rule 37 sanction."  Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993).  Dismissal may be warranted under Rule 37 when a party's failure to comply was willful, intentional, or "in flagrant bad faith."  Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 641, 643 (1976) (quotations omitted).  Moreover, under Rule 37, a district court need not state that it considered lesser sanctions prior to imposing dismissal, although this is "good practice."  Phipps, 8 F.3d at 791.

In National Hockey, the plaintiff acted in bad faith when, after 17 months, it failed to substantively answer "crucial interrogatories . . . despite numerous extensions granted at the eleventh hour and, in many instances, beyond the eleventh hour."  427 U.S. at 640.  Further, the district court warned the plaintiff numerous times that dismissal was a potential sanction for failure to comply.  Id. at 640-41.  The Supreme Court held that the district court did not abuse its discretion in dismissing the action.  Id. at 642-43.  The Court noted that there was a "natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction[,]" but the Court stated that sanctions must be available to the district court "not merely to penalize" but also to deter.  Id.

3

A district court also possesses the power to dismiss an action under Fed. R. Civ. P. 41(b) for the failure to comply with court orders generally. Moon, 863 F.2d at 837 (affirming a district court's order of dismissal for failure to obey a discovery order, noting that the plaintiff's "conduct and words evidence a refusal to acknowledge the authority of the magistrate [judge] and indicate no willingness to comply with court orders"). To dismiss a complaint under Rule 41(b), a district court must find: (1) a clear record of delay or willful contempt; and (2) that lesser sanctions would not suffice. Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). A dismissal under Rule 41(b) is a "sanction of last resort" that should only be used in the most extreme cases. Id. However, where a litigant has been forewarned of the possibility of dismissal as a potential sanction, the ultimate dismissal of his case is generally not an abuse of discretion. Moon, 863 F.2d at 837.

Here, the district court dismissed Haji's complaint as a sanction under Fed. R. Civ. P. 37(b) and under Fed. R. Civ. P. 41(b), after Haji failed multiple times to substantively respond to court-ordered discovery. On appeal, however, it is unclear whether Haji challenges both independent reasons for the dismissal of his complaint.[1] But even if Haji is challenging both bases, his arguments are without

---

[1] Upon review of his brief, it appears he is only challenging the dismissal of his complaint under Fed. R. Civ. P. 37 -- he only references cases that involved dismissals under Rule 37 and only argues that his failure to comply was not willful or flagrant, which are words used to argue about dismissal under Rule 37. Thus, because Haji has failed to challenge on appeal the other independent basis supporting his complaint's dismissal -- Rule 41(b) -- affirmance is appropriate under Sapuppo.

4

merit.  For starters, under Rule 37, the district court reasonably found that Haji's actions were a willful and flagrant disobedience to its orders.  As the record reflects, Haji failed, on numerous occasions, to comply with the court's discovery orders.  When NCR moved for sanctions the first two times, the magistrate judge ordered Haji to pay attorney's fees and to participate in the discovery process.  On both occasions, the magistrate judge warned Haji that a continued lack of participation in the discovery process would result in dismissal of his case.  Further, the magistrate judge, on many occasions, extended deadlines and even held a teleconference with Haji to ensure he had adequate information and time to appropriately engage in discovery.  Thus, on this record, the district court reasonably found that Haji's actions were willful and flagrant disobedience to court orders, and it did not abuse its discretion in dismissing Haji's complaint with prejudice under Rule 37(b).

Nor did the district court abuse its discretion in dismissing Haji's complaint under Rule 41(b) for want of prosecution.  As we've explained, Haji had been given multiple opportunities to comply with all discovery orders, but each time, Haji failed to comply adequately.  Because he had been sanctioned twice before, amassing a debt of over $7,000 in attorney's fees to NCR, it was not unreasonable for the district court to determine that dismissal would be the only sanction appropriate in this case.  This is especially true since Haji had been forewarned of the possibility of dismissal if he continued to not comply.  See Moon, 863 F.2d at 837.  Accordingly, the district

5

court also did not abuse its discretion when it dismissed Haji's complaint for not complying with court orders under Rule 41(b), and we affirm.

**AFFIRMED**.