[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-13771

Non-Argument Calendar

————————————————

JUSTIN SAVAGE,

Plaintiff-Appellant,

*versus*

HENRY COUNTY SCHOOL DISTRICT,

Defendant-Appellee,

ASHLEY SELLERS,

Defendant.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00175-CAP-LTW

_____

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Justin Savage appeals from the district court's order adopting the magistrate judge's Report and Recommendation ("R&R"), granting the motion for sanctions filed by the Henry County School District ("HCSD"), and dismissing his Title VII and 42 U.S.C. § 1983 action with prejudice under Fed. R. Civ. P. 37(b). He argues that the district court abused its discretion by dismissing the action with prejudice because he complied with the magistrate judge's discovery order directing him to disclose his criminal history and did not commit fraud on the court by lying during a deposition or submitting a fraudulent document. After thorough review, we affirm.

We review a district court's order of sanctions for abuse of discretion. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). "If the district court applies an incorrect legal standard, fails to follow the appropriate procedures when making the relevant determination, or makes findings of fact that are clearly erroneous, it abuses its discretion." *Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1329 (11th Cir. 2023).

"The district court has broad discretion to control discovery." *Phipps*, 8 F.3d at 790. "When reviewing discovery motions, 'wide discretion' is proper because '[a] judge's decision as to whether a party or lawyer's actions merit imposition of sanctions is heavily dependent on the court's firsthand knowledge, experience, and observation.'" *Brown*, 69 F.4th at 1329.

Under the Federal Rules of Civil Procedure, a court may order sanctions "[i]f a party . . . fails to obey an order to provide or permit discovery," and sanctions may include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal with prejudice under Rule 37 is not favored, but it "may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." *Phipps*, 8 F.3d at 790. "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 . . . dismissal." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). "[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.* However, "[w]hen lesser sanctions would be ineffective, Rule 37 does not require the vain gesture of first imposing those ineffective lesser sanctions." *Id.* at 1544.

We read briefs filed by *pro se* litigants liberally, but issues not briefed by *pro se* litigants generally will not be considered by this Court. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008); *see also United States v. Campbell*, 26 F.4th 860, 871–875 (11th Cir. 2022)

(*en banc*).  A party fails to adequately brief a claim when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority.  *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014).

The relevant background is this.  Savage's complaint alleged that he was terminated from his employment as a teacher with the Henry County School District in retaliation for reporting sexual harassment.  In its defense, the school district argued that Savage's contract was declared null and void because the clearance certification from Georgia's Professional Standards Commission ("PSC") that was necessary for his employment could not be completed due to his refusal to provide details about his criminal history.  In interrogatory responses and at his first deposition, Savage initially admitted that he had been arrested and criminally charged and the charges were "nolle prossed," but he then refused to respond to further questions about his prior criminal history.  After the magistrate judge ordered him to answer the questions, he denied that he had any criminal history at a second deposition.

HCSD moved for sanctions and Savage filed several documents in response, one of which purported to be the application for a clearance certificate he had submitted to the PSC and which claimed he had no criminal history.  After reviewing the materials, the magistrate judge determined, in the R&R on the motion for sanctions, that Savage had been untruthful under oath and had filed a fraudulent document with the court because the version of the application he'd submitted to the court had the wrong date and

appeared to be altered.  The magistrate judge recommended that the "severe" sanction of dismissal was warranted "for Plaintiff's failure to comply with the Court's order requiring him to provide discovery and for his attempted fraud on the Court."  Over Savage's objections, the district court adopted the R&R, granted HCSD's motion for sanctions and dismissed the action with prejudice.

On this record, the district court did not abuse its discretion by dismissing Savage's action with prejudice after finding that Savage had disobeyed a discovery order warranting sanctions under Rule 37(b).  As the record reflects, Savage's admissions about his criminal history during the first deposition and in his response to interrogatories show that his failure to comply with the magistrate judge's order was willful and not simply negligent or based on a failure to understand the order.  Indeed, his statements at his second deposition made it clear that he knew what criminal history the magistrate judge was referring to in its order, yet he changed his answers on this issue anyway, in contravention of the discovery order, by denying that he had ever been arrested or charged with a crime.  Savage testified during the second deposition that "[t]here was something" that had been nolle prossed, but he conditioned that "he wouldn't call it a criminal action," which directly contradicted his previous position and indicated an attempt to obscure his admitted criminal history.  Thus, Savage's claim that he complied with the discovery order and did not lie during the deposition because he did not have any criminal history finds no basis in the record.  Nor does Savage explain how these contradictory statements

are consistent or how his earlier admissions were falsified, and neither of those arguments is supported by the evidence.

Additionally, the court's conclusion that lesser sanctions would not be effective was well within its discretion because Savage's criminal history was central to HCSD's defense, and Savage exhibited a refusal to comply with court orders even when he was warned that these actions could result in the dismissal of his action. Nor did the court abuse its discretion when it concluded that the application Savage submitted in response to the sanctions motion was falsified based on the fact that it was dated a month after Savage claimed that it had been submitted to the PSC.  Moreover, his claim that the date was "mistaken" and that this was the actual document he had submitted to the PSC for clearance is contradicted by the PSC's "consent order" in his employment record, which reported that the clearance-certification application Savage had submitted to it had answered the criminal history question in the affirmative.

Finally, to the extent Savage argues that the district court and magistrate judge made any legal errors, we disagree.  Both the district court's opinion and the magistrate judge's R&R cited to and applied the correct law.  There is also no merit to Savage's claim that his objections to the magistrate judge's R&R regarding his motion for relief from the ordered sanctions were removed from the district court's docket.  His objections plainly appear on the district court's docket.

23-13771                  Opinion of the Court                        7

In short, the district court did not abuse the broad discretion it is afforded in resolving matters like these when it dismissed Savage's action with prejudice under Rule 37(b). *See Phipps*, 8 F.3d at 790; *Brown*, 69 F.4th at 1329.  Accordingly, we affirm.[1]

**AFFIRMED.**

---

[1] Finally, we note that Savage abandoned any argument under the Sixth Amendment because he failed to adequately brief it, only referencing it in passing.  *See Sapuppo*, 739 F.3d at 681.