EDWIN A. LOMBARD, Judge.
hThe State appeals the trial court’s denial of parental rights termination petition. After review of the record in light of the applicable law and the arguments presented by the State[1] we affirm the judgment of the trial court.

Relevant Facts

On May 7, 2004, the Louisiana Department of Social Services, Office of Community Services (“the State”) placed seven-year old SLW and two-year old twins, BJW and JRW, in foster care.[2] After an adjudication and dispositional hearing held on September 30, 2004, Section B of the 25th Judicial District Court for the Parish of Plaquemines sitting as a Juvenile Court (“the trial court”) issued an order on October 8, 2004, finding that it was in the children’s best interest to be continued in the State’s custody but that, in accordance with the State’s case plan[3] dated June 6, 2004, a permanent plan of reunification *55 was the most appropriate and in the best interest of the children.
|¡,0n June 23, 2005, the trial court held a case review and permanency review hearing and, finding that it was in the best interest of the children to remain in the custody of the State at that time, approved a new case plan[4] dated May 24, 2005.
At the next case review hearing[5], held on January 26, 2006 and attended by both parents, the State filed a Petition for Termination of Parental Rights. On February 23, 2006, at the hearing to answer the petition, both parents and their attorneys were in attendance and a status hearing and trial date were selected (March 30, 2006, and April 27, 2006, respectively) with the parents receiving notice in court of both dates. At the status hearing on March 30, 2006, “on motion of the Defense” the status hearing was continued to May 25, 2006; both parents were absent but represented by counsel. On April 27, 2006, “[o]n written motion of Mr. Barbee [mother’s counsel]”, the status hearing was again continued until May 25, 2006. At the status hearing on May 25, 2006, both parents were absent from court but represented by counsel. The court set a termination hearing for August 31, 2006, “after an informal discussion” and notified “[a]ll parties [ ] in open court.” In August 2006, the trial court granted the motion for continuance filed by the mother’s counsel and set the termination hearing for September 28, 2006.
At the termination hearing on September 28, 2006, the court noted (1) that the father was not present for the hearing; (2) that Sherry Waters, attorney for the State, “stated that she can proceed in his absence”; and (3) the objection of Michael Clement, counsel for the absent father. After receiving the evidence, the trial court |atook the matter under advisement. On October 25, 2006, the district court issued a written judgment, denying the petition to terminate the mother’s parental rights and granting the father a new trial as to the termination of his parental rights.

Discussion

The State appeals this decision raising four assignments of error, arguing that the trial court made the following errors: (l)granting sua sponte a new trial for the father; (2) granting multiple continuances for the mother and then admitting evidence of her rehabilitation efforts which occurred after the date on which the termination petition was filed: (3) finding that the State did not prove any of the grounds for termination by clear and convincing evidence and misapplying the time frame allowed for rehabilitation or reformation under Article 1015(5) of the Louisiana Children’s Code; and (4) failing to find that proof of an Article 1015 violation created a presumption and that the totality of the circumstances showed that termination of the parents’ rights was in the children’s best interest or a preference for adoption.

New Trial

The State argues that the trial court erred in granting the father a new trial. The record indicates that prior to the hearing, the trial court noted the father’s absence, his counsel objected to pro *56 ceeding without him, and the State insisted that the hearing could be held in the father’s absence. After the hearing, the trial court determined that its initial decision to proceed against the absent father was error, finding as follows:
As to the father’s rights, the father did not attend this proceeding. The record reflects that he appeared in court at all previous settings and was interested in defending his rights. He was [¿not notified of this court date and, despite being represented by counsel, was not afforded an opportunity to take part in these proceedings. To have proceeded against him in his absence, with no notice to him of this court date, was error on the part of this Court.
Because the permanent termination of the legal relationship existing between children and biological parents is one of the most severe and drastic actions the State can take against its citizens, procedural due process is particularly important in termination proceedings.
The fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State. Even when blood relationships are strained, parents retain a vital interest in preventing the irretrievable destruction of their family life. If anything, persons faced with forced dissolution of their parental rights have a more critical need for procedural protections than do those resisting state intervention into ongoing family affairs. When the State moves to destroy weakened familial bonds, it must provide the parents with fundamentally fair procedures.
Santosky v. Kramer, 455 U.S. 745, 753, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982); see also Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000) (the interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by this Court).
Accordingly, we find no merit in the State’s argument. The trial court did not err in sua sponte granting a new trial for the father to insure that he was provided with procedural due process in the termination proceedings.

Admission of Evidence of Rehabilitation

Next, the State contends that the trial court erred in continuing the petition hearing date on motion of the mother’s counsel and considering evidence of her rehabilitation efforts that took place after the termination petition was filed. Nothing in the record suggests that the trial court abused its discretion in ^continuing the hearing date and we find no jurisprudential or statutory support for the State’s contention that the mother’s post-petition improvements are irrelevant and should not have been considered by the trial court. A review of State in the Interest of A.D.S., A.T.S., and J.D.S., 04-0250 (La.App. 4 Cir. 9/29/04), 888 So.2d 913, cited by the State, clearly indicates that evidence regarding visitation dates and gifts given to the children after the filing date of the termination petition was excluded pursuant to specific statutory provisions, La. Ch.Code art. 1015(4)(b) and (c),[6] that ex- *57 elude such evidence from consideration relevant to the issue of abandonment. Abandonment is not the issue in this case and the statutory provisions applicable to abandonment, visitation dates, and gifts, do not apply to the mother’s rehabilitation efforts in this case. Accordingly, we do not find that the trial court erred in considering the mother’s post-petition efforts or progress.

Factual Findings of the Trial Court

In this case, the trial court made the following findings:
... the evidence in this matter established that there is, indeed, a reasonable expectation of significant improvement in [the mother’s] condition or conduct in the near future. In fact, she has improved tremendously and has been drug free for an extended period of time. She has a job and a place to live, and there is no evidence in this matter that her children don’t love her and want to live with her.
Un fact, the evidence establishes that, based on poverty [the mother] left her children with relatives; that she has a history of drug abuse; that all of the steps set forth in the case plan for reunification were contingent on her being drug free; that she has repeatedly and consistently attempted drug and mental-health counseling, always on a voluntary basis; that she has occasionally relapsed; that she has never indicated an intention of abandoning her children; and has now completed an in-patient substance abuse program, is drug-free; and has a job and a place to live in a supportive environment. Finally, there is no evidence that terminating her rights would be in the best interest of these children. As such, the petition is denied as to [the mother].
The State argues, however, that the trial court erred in finding that it did not prove any of the grounds for termination by clear and convincing evidence, that the trial court misapplied the time frame allowed for rehabilitation or reformation under Article 1015(5) of the Louisiana Children’s Code, and that the trial court erred in failing to find that proof of an Article 1015 violation created a presumption such that the totality of the circumstances showed that termination of the parents’ rights was in the children’s best interest or a preference for adoption.
We review the factual findings of the trial court in parental termination proceedings under the manifest error/clearly wrong standard. State ex rel. C.P., 00-0935 p. 14 (La.App. 4 Cir. 6/28/00), 768 So.2d 134, 141, reversed on other grounds, 00-2703 (La.1/17/01), 777 So.2d 470.
First, contrary to the State’s argument, Article 1015(5) does not impose a strict timeframe with regards to “significant improvement in the parent’s condition or conduct,” nor do alleged violations of Article 1015 create presumptions in favor of the State. Rather, the focus of an involuntary termination proceeding is not whether the parent should be deprived of custody, but whether it would be in the best interest of the child for all legal relations with the parents to be terminated. La. Ch.Code art. 1001. Thus, the fundamental purpose of involuntary termination ^^proceedings is to provide the greatest *58 possible protection to a child whose parents are unwilling or unable to provide adequate care for his physical, emotional, and mental health needs and adequate rearing by providing an expeditious judicial process for the termination of all parental rights and responsibilities and to achieve permanency and stability for the child. But, because the permanent termination of the legal relationship existing between natural parents and the child is one of the most drastic actions the State can take against its citizens, the courts must proceed with extreme care and caution. State ex rel. J.A., 99-2905, p. 9 (La.1/12/00), 752 So.2d 806, 811. Accordingly, while the prolonged proceedings in this case are problematic and, clearly, permanent or long-term[7] foster care is not in the best interest of the children, after a careful review of the record we cannot say that the trial court was manifestly erroneous in denying the State’s termination petition at this time.

Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. No appellee briefs have been filed in this case.

. Pursuant to Rule 5-2, Uniform Rules, Courts of Appeal, the initials of minors are used in lieu of their names.

.Notably, the case plan indicates that, in the section titled “Parents' Recommendation for Permanency for the Child(ren)”, that the father "states his wishes are that the children be returned to [the mother].”

. According to the case plan, the goal for SLW was "adoption/custody transferred to a non-relative" and the goal for the twins was "termination of parental rights/adoption,” but a decision had been made to put off, the filing of the parental termination order until September 2005 because the mother had entered a drug treatment program. It was noted, however, that the father "has not had contact with the agency since March 2005 and has had no visitation with his children since February 2005.”

. The case review hearing was delayed in the aftermath of Hurricane Katrina.

. La. Ch.Code art. 1015 provides in pertinent part:
The grounds for termination of parental right are:
,(4) Abandonment of the child by placing him in the physical custody of a nonparent, or the department, or by otherwise leaving him under circumstances demonstrating an intention to permanently avoid parental responsibility by any of the following:
[[Image here]]
*57 (b) As of the time the petition is filed, the parent has failed to provide significant contributions to the child’s care and support for any period of six consecutive months.
(c) As of the time the petition is filed, the parent has failed to maintain significant contact with the child by visiting him or communicating with him for any period of six consecutive months.

. We infer from the trial court's finding that there exists a reasonable expectation that the mother's condition or conduct will significantly improve in the near future that, while no definite time-frame has been imposed, the trial court is not inclined to continue the children's status in the State’s custody indefinitely should the mother’s rehabilitation efforts falter again.