[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14200

_____

MARIDA SILAS,

individually, and in her prospective capacity as Personal Representative of the Estate of Rochenel Silas,

Plaintiff - Appellant,

*versus*

SHERIFF OF BROWARD COUNTY, FLORIDA,

Defendant - Appellee

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:20-cv-61480-WPD

_____

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM, and MARCUS, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

This appeal concerns whether the district court abused its discretion when it declined to exercise supplemental jurisdiction over a plaintiff's state-law claims after it dismissed her federal claims. Federal law grants district courts the discretion to decline to exercise supplemental jurisdiction. And this Court has encouraged district courts to remand pendent state-law claims to state courts after the federal claims are dismissed. Because the district court followed our guidance and acted within its broad discretion when it remanded this case to state court, we affirm.

## I. BACKGROUND

Marida Silas brought federal and state claims on behalf of her late husband against the Sheriff of Broward County, Florida after her husband's 2011 arrest. The Sheriff removed the case to federal district court based on the presence of the federal claims. But the district court later dismissed the federal claims. *See* Case No. 21-13946. The district court initially continued to exercise supplemental jurisdiction over the pendent state claims and set the matter for trial on November 5, 2021. But on November 3, the Sheriff moved to dismiss Silas's state claims because Silas had not been appointed as the personal representative of her husband's estate.

The district court cancelled the trial and reset it for November 9. The district court ordered Silas to file an expedited response to the motion to dismiss. Silas did so and argued that she could pursue her husband's claims because her actions would relate back after she received a valid appointment as representative of her husband's estate from the probate court. She asked the district court either to allow trial to proceed or to "abate this action for a reasonable time until the . . . probate court appoint[ed] a personal representative." The Sheriff replied that the district court should dismiss the action because Silas had failed to secure her appointment as representative of the estate before the scheduled trial.

After the parties submitted these filings, the district court did not rule on the motion to dismiss. Instead, on November 5, it ordered the parties to address "whether the [c]ourt now has only supplemental jurisdiction over the remaining claims in this case and, if so, whether the case should be remanded to state court." The Sheriff responded and argued that the district court should continue to exercise jurisdiction because the trial was set to commence in four days and substantial discovery had already occurred. Silas joined the Sheriff's request.

On November 8, the district court declined supplemental jurisdiction and remanded the case to state court. The district court stated that it "would not normally decline supplemental jurisdiction over a case on the eve of trial based upon the dismissal of all federal question claims." But the district court found that it could not move forward with trial because Silas had "not acted with

diligence in pursuing the appointment of personal representative of [her husband's] estate" and "lack[ed] standing to prosecute th[e] case at this juncture." Because trial could not proceed, the district court had to decide whether dismissal or a stay was appropriate. It concluded that it "would likely have abated and not dismissed the case," so "the trial would have been postponed." But due to a "backlog of criminal trials," it found that "there [wa]s no certainty that this court would have been able to try th[e] case in the near future." So, the district court declined to exercise supplemental jurisdiction and remanded the case to state court.

## II. STANDARD OF REVIEW

We review a decision to decline supplemental jurisdiction over a state-law claim for abuse of discretion. *Shotz v. City of Plantation*, 344 F.3d 1161, 1185 (11th Cir. 2003).

## III. DISCUSSION

Consistent with our deference to state courts on issues of state law, federal courts may exercise supplemental jurisdiction over state-law claims in limited circumstances. One such circumstance is when the state claims "arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006); *see also* 28 U.S.C. § 1367(a). In this case, the parties agree that the state claims arose out of a common nucleus of operative fact with the federal claims. So, the district court had the authority to exercise supplemental jurisdiction over Silas's state claims.

After it dismissed the federal claims, the district court had the discretion either to continue to exercise supplemental jurisdiction over the state claims or to dismiss them. *See Baggett v. First Nat'l. Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997); CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3567.3 (3d ed. 2022). That discretion is "expressly conferred to district courts by statute." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) (citing 28 U.S.C. § 1367(c)). And it "continues throughout the proceeding." *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 427 (11th Cir. 1984). The district court's discretion is broad. We have observed that "the doctrine of pendent jurisdiction . . . is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Ameritox, Ltd. v. Millennium Lab'ys., Inc.*, 803 F.3d 518, 530 (11th Cir. 2015) (citation omitted). And we have explained that "considerations of judicial economy, convenience, fairness, and comity may influence the court's discretion." *Baggett*, 117 F.3d at 1353.

Although the district court has discretion, concerns of federalism—namely, of federal courts of limited jurisdiction weighing in on state law—counsel in favor of dismissing state-law claims after the federal claims are dismissed. "We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). The Supreme Court has

also put a thumb on the scale: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise [pendent] jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). A district court, exercising its already broad discretion, will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed.

The district court followed our guidance and acted within its discretion when it remanded Silas's state-law claims. The district court had to make a quick decision. Trial was set to begin on November 5, roughly a week after the district court denied Silas's motion to vacate the dismissal of her federal claims. Due to the impending trial, the district court at first considered it "feasib[le]" to retain supplemental jurisdiction. The motion to dismiss changed its calculus. It made clear that trial could not proceed because Silas had failed to secure her status as representative of her late husband's estate. After it determined that Silas lacked standing, the district court concluded that it would need to abate the case and postpone the trial if it retained jurisdiction. Based on its knowledge of its docket, which included a backlog of criminal trials, the district court feared that it was unlikely that it could try the case in the "near future." So, it exercised its discretion—which "continue[d] throughout the proceeding"—to remand the case. *L.A. Draper & Son*, 735 F.2d at 427. The district court stated that a remand would give Silas time to secure her status as representative of the estate. The remand also reflected our preference for the state-court

adjudication of state-law issues. *Raney*, 370 F.3d at 1089. The district court acted reasonably and within its discretion in choosing to remand.

The Sheriff protests that the district court should not have remanded the case before an "already-scheduled trial." Citing out-of-circuit decisions, the Sheriff argues that it can be an abuse of discretion to remand pendent claims "[w]here there has been significant work and discovery done" and the case is on the eve of trial. But the Sheriff ignores that the case was no longer on the eve of trial.

As the Sheriff argued in the district court, "moving forward with a trial in this posture [would have been] inappropriate." Because Silas lacked standing to sue, the district court had to either dismiss the case or abate the trial. The trial could not proceed until Silas had standing. Neither of the decisions that the Sheriff cites featured this stalled posture. *See Redondo Constr. Corp. v. Izquierdo*, 662 F.3d 42, 49 (1st Cir. 2011) (district court dismissed state-law claims four days before trial); *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 308 (5th Cir. 1991) (district court declined to exercise jurisdiction "on the eve of trial"). Facing uncertain delays and a clogged docket, the district court reasonably decided that this was not the unusual case in which it should exercise supplemental jurisdiction after all federal claims were dismissed. *Carnegie-Mellon*, 484 U.S. at 350 n.7. So, it did not abuse its discretion in remanding the state claims.

## IV. CONCLUSION

We **AFFIRM** the remand of Silas's state claims to state court. We also deny as moot Silas's motion to supplement the record.