[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12437

Non-Argument Calendar

_____

MACEO WILLIAMS,

                                        Plaintiff-Appellant,

*versus*

JUDGE BRIAN C. WIMES, JR.,
CIA,
JOHN DOE,
MARTA,
JANE DOE,
SALVATION ARMY,
CHANDRA TRIMBTE,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-01457-VMC

_____

Before WILSON, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Maceo Williams, proceeding *pro se,* appeals the District Court's dismissal of his complaint with prejudice.  The complaint invoked the court's federal question jurisdiction, 28 U.S.C. § 1331, to allege a First Amendment free exercise claim against a federal district judge and the Central Intelligence Agency (CIA), and the court's supplemental jurisdiction, 28 U.S.C. § 1367, to allege a state law tort claim against the Salvation Army, Chandra Trimbte, and several John and Jane Does.  The District Court dismissed the federal question claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and the supplemental claim because it believed that claim more properly belonged in state court.

Williams now appeals the judgment.  We affirm the dismissal of the § 1331 claims and § 1367 claim and instruct the District Court on receipt of our mandate to revise the judgment dismissing the § 1367 claim without prejudice.

We affirm the District Court's judgment regarding the § 1331 claims because they are frivolous; thus, the court did not abuse its discretion in dismissing them.  The federal claims are

conclusory. They are that the district judge and the CIA combined to destroy his religious journey (which the complaint does not describe) through "intense anti-Semitic Satanism." They intended to "stop[ him] from praying to Jesus Christ, Adonai, Hashem, or any [O]thodox [J]ewish God name, preventing him from exercising his First Amendment rights. The complaint is devoid of conduct to that end.

As for Williams's state law tort claim, the District Court was within its discretion to dismiss it once the federal claims were dismissed. *See Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 866 (11th Cir. 2022) ("A district court . . . will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed."). We instruct the District Court on receipt of our mandate to amend its judgment to reflect the dismissal of those claims without prejudice.

**AFFIRMED and REMANDED with instructions to enter dismissal without prejudice.**