[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13842

Non-Argument Calendar

_____

JASON M. BROWNING,
MD,

Plaintiff-Counter Defendant-Appellant,

*versus*

BAY RADIOLOGY ASSOCIATES PL,
CARL G. BAILEY, JR.,
MD, et al.,

Defendants-Counter Claimants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:21-cv-00237-AW-MJF

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Jason Browning, proceeding with counsel, brought the instant suit in Florida state court against his former employer, Bay Radiology Associates, P.L., and several of its individual members. The case was removed to the federal district court. Browning's suit included Family and Medical Leave Act ("FMLA") claims for terminating him while he was on FMLA leave. The litigation also included a state law breach of contract claim for terminating him, as well as other state law claims. The district court granted summary judgment for the Defendants (and denied Browning's motion for partial summary judgment) on the FMLA claims and on Browning's state law breach of contract claim and remanded the remaining state law claims to the state court. On appeal, Browning argues that the district court abused its discretion by excluding his evidence of tail insurance premiums as a sanction under Federal Rule of Civil Procedure 37 based on the fact that Browning failed to disclose this evidence in his initial disclosures and response to interrogatories or to supplement his disclosures. This sanction ultimately contributed to the adverse summary judgment rulings that his FMLA claims and his breach of contract

claim failed for failure to prove any damages, because it turned out that Browning could prove no other damages. Browning also argues on appeal that the district court abused its discretion in accepting supplemental jurisdiction on one state law claim—the breach of contract claim—but rejecting supplemental jurisdiction of and remanding the other state law claims; he argues that once the district court granted summary judgment on the FMLA claims, no federal law claims remained, and all of the state law claims should have been remanded.

## I.  The Sanctions Issue

We review for an abuse of discretion the district court's imposition of sanctions under Fed. R. Civ. P. 37. *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1048 (11th Cir. 1994). "If the district court applies an incorrect legal standard, fails to follow the appropriate procedures when making the relevant determination, or makes findings of fact that are clearly erroneous, it abuses its discretion." *Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1329 (11th Cir. 2023).

Under Federal Rule of Civil Procedure 26, parties to a lawsuit must disclose, among other things, a computation of each category of damages claimed and supplement those disclosures promptly if they are incorrect or incomplete. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii), (e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was

substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The advisory notes for Rule 37(c) suggest that the harmlessness exception is needed to avoid unduly harsh penalties in a variety of circumstances. *See* Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment. Rule 37 gives the court discretion to decide how to respond to a litigant's failure to make disclosures under Rule 26. *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019). Rule 37 sanctions are "intended to prevent unfair prejudice to the litigants and to insure the integrity of the discovery process." *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

Further, "substantially justified means that reasonable people could differ as to the appropriateness of the contested action." *Knight v. Miami-Dade Cnty.*, 856 F.3d 795, 812 (11th Cir. 2017) (quotation marks omitted). In *Cicuitronix, LLC v. Kinwong Electronic (H.K.) Co.*, we held that the district court did not abuse its discretion by excluding lost-profit damages and finding harm due to a failure to disclose the computation of those damages. 993 F.3d 1299, 1307–08 (11th Cir. 2021). Cicuitronix argued that the failure to disclose was harmless because Kinwong could have done the computations itself, and we recognized that the meaning of harmlessness was not settled under Rule 37. *Id.* We explained that the complexity of damages computations could be evidence that an omission was harmful, as could other problems. *Id.* at 1308.

Rule 37(b)(2)(A)(v) provides that dismissing an action in whole or in part is a permissible sanction for not obeying a

discovery order. *See* Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal with prejudice under Rule 37 is not favored, but it "may be appropriate when a plaintiff's recalcitrance is due to willfulness, bad faith or fault." *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993). "Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 . . . dismissal." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993). "[T]he severe sanction of a dismissal or default judgment is appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders." *Id.* "When lesser sanctions would be ineffective, Rule 37 does not require the vain gesture of first imposing those ineffective lesser sanctions." *Id.* at 1544.

Here, the district court did not abuse its discretion by determining that Browning's failure to disclose his tail insurance premiums warranted a sanction of exclusion of evidence of those damages under Fed. R. Civ. P. 37(c)(1). Notably, Browning conceded at the summary judgment hearing that he received a higher salary at his employment with Envision than he would have if he had stayed with Bay Radiology, and thus, he could show no lost wages damages. Likewise, he conceded that switching his 401k did not cause him economic harm. Thus, Browning agreed that his only remaining source of damages was the tail insurance premiums that he was required to pay as a result of his for-cause termination.

Browning was required under Fed. R. Civ. P. 26 to disclose a computation of each category of damages claimed and to supplement those disclosures if they were incorrect or incomplete. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii), (e)(1)(A).  Browning did neither.  First, in his initial disclosures, Browning only generally requested contractual damages, which he argues provided enough notice to Bay Radiology that he sought to recover his tail insurance premiums as damages.   However, as the district court expressed, it is questionable whether that conclusory, boilerplate language referring to general damages was sufficient to provide notice of the specific type of damages claimed.   Nonetheless, even if the reference to general contract damages was sufficient, Browning was required to provide a computation of those damages, which he failed to do.  *See* Fed. R. Civ. P. 26(a)(1)(A)(iii).  Importantly, in his answer to Bay Radiology's interrogatories, he specified several types of damages with accompanying calculations but failed to disclose his tail insurance premiums as a type of damage or their computation at this stage.  Moreover, Browning had an ongoing responsibility to supplement his disclosures, including his responses to interrogatories, and he failed to provide any supplement to any disclosure during the pendency of his case.

To the extent that Browning argues that he disclosed his tail insurance during one of the Defendant's depositions, or that Bay Radiology was aware of these potential damages because they existed within his contract, this argument fails.   Notably, Bay Radiology objected to the invoice during the deposition for lack of prior disclosure.   Further, it cannot be said that Browning's

disclosure of the invoice, the day before discovery was set to close after several extensions, was a prompt supplement, as required. *See* Fed. R. Civ. P. 26(e)(1)(A). Thus, the court properly determined that Browning failed to sufficiently disclose the type of damages he suffered with respect to his claimed tail insurance premiums.

In addition, the court also did not abuse its discretion by determining that Browning had not shown that his failure to disclose was substantially justified or harmless. First, Browning's argument that the court's discussion of justification and harmlessness was insufficient is without merit. The court explicitly addressed in its order whether Browning's failure to disclose was sufficiently justified or harmless. Further, the court specifically noted that Browning had not shown why he failed to disclose the tail insurance damages initially or in supplemental responses in the year-long discovery process and found that the admission of the tail insurance invoice would prejudice Bay Radiology, as it would have no chance to respond and reopening discovery would incur heightened costs. While Browning argues that the hurricane was a primary reason for his failure to disclose, he does not appear to dispute the court's conclusion that the hurricane occurred several months before he was required to purchase the tail insurance policy following his termination. Nor did the court fail to consider the hurricane, as Browning asserts, because the court explicitly determined that Browning had failed to explain how the hurricane impacted his ability to disclose. Moreover, like in *Cicuitronix*, Browning failed to disclose the computation of his tail insurance damages, and even further, he failed to disclose the tail insurance

invoice altogether. *Cicuitronix*, 993 F.3d at 1307-08. Browning also argues that his lack of disclosure was harmless because Bay Radiology was aware of his tail insurance both due to his contract and the other departing physicians, but we cannot conclude that the district court abused its discretion in finding that Browning's belated assertion of tail insurance damages was harmful; Browning even concedes that reopening of discovery would have been necessary. Thus, the court did not abuse its discretion in this respect.

Moreover, although Browning argues that the court was required to consider willfulness and bad faith before dismissing three of his four counts as a sanction, the court explicitly stated that it was imposing sanctions under Rule 37(c)(1) and excluding evidence of the tail insurance premiums. While Browning is correct that the court's exclusion of his tail insurance invoice ultimately contributed to his inability to show damages on his claims, and thus, the dismissal of several of his counts, the court's sanction was exclusion of the invoice rather than the dismissal of any of his claims, and the court's exclusion did not preclude Browning from proving other damages. Similarly, Browning argues that the court erred by imposing the most severe sanction, dismissal, and that it was unclear whether the court considered less severe sanctions. However, this argument is inapposite. As discussed, the court did not impose the disfavored sanction of dismissal with prejudice, and instead merely excluded evidence of the tail insurance invoice. *Phipps,* 8 F.3d at 790. Moreover, while Browning is correct that a Rule 37 dismissal is intended to be a last

23-13842                Opinion of the Court                9

resort, Rule 37 does not require the imposition of lesser sanctions when they would be ineffective. *Malautea*, 987 F.2d at 1542. To that end, it cannot be said that the court imposed the most severe sanction. Further, by imposing a lesser sanction of exclusion of the invoice, the court necessarily considered less drastic sanctions. Thus, the court did not apply an incorrect legal standard, fail to follow the appropriate procedures, or makes findings of fact that are clearly erroneous. *Brown*, 69 F.4th at 1329.

Notably, Browning correctly points out that this Court has not explicitly addressed whether or under what circumstances a sanction for exclusion of evidence that ultimately contributes to a dismissal is effectively the imposition of a sanction of dismissal or default as in Fed. R. Civ. P. 37(b), which requires that a court only impose the harshest sanction if the noncompliance involved willfulness or bad faith. However, as discussed, the court's sanction of excluding the tail insurance premium did not preclude Browning from proving other damages, specifically those that he asserted and disclosed during the duration of his case. Additionally, the advisory committee notes to Rule 37 suggest that the harmlessness exception is intended to avoid unduly harsh penalties, and here, the court expressly considered and determined that the failure to disclose was not harmless, which indicates that the court did attempt to avoid an unduly harsh punishment. *See* Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment.

The district court thus did not err in granting summary judgment to the defendants on Browning's FMLA claims because he could not prove any damages. In light of this holding, we need not address Browning's other arguments challenging the district court's summary judgment rulings with respect to Browning's FMLA claims.

## II. The Supplemental Jurisdiction Issue

We review for abuse of discretion whether it was proper for a district court to retain supplemental jurisdiction over state law claims. *Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 532 (11th Cir. 2015). The doctrine of supplemental jurisdiction permits "federal courts to decide certain state-law claims involved in cases raising federal questions" when doing so would promote judicial economy and procedural convenience. *Id.* at 530 (quotation marks omitted).

Under 28 U.S.C. § 1367, in a civil action where the district courts have original jurisdiction, the district courts have supplemental jurisdiction over all other claims that are so related to claims in the act that they form part of the same case or controversy. 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over a claim in several instances, including if it raises a novel or complex issue of state law, if the district court has dismissed all claims over which it has original jurisdiction, or in exceptional circumstances where there are other compelling reasons for declining jurisdiction. *Id.* § 1367(c).

After a district court dismisses the federal claims, it has discretion either to continue to exercise supplemental jurisdiction over any remaining state-law claims or to dismiss them. *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997). We explained that where 28 U.S.C. § 1367(c) applies, other factors may be considered like judicial economy, convenience, fairness, and comity to influence the district court's discretion to exercise supplemental jurisdiction. *Id.* at 1353; *see also Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 866 (11th Cir. 2022) (reiterating that considerations of judicial economy may influence the court's discretion). Although the district court has broad discretion, concerns of federalism "counsel in favor of dismissing state-law claims after the federal claims are dismissed." *Silas*, 55 F.4th at 866. Thus, "[a] district court, exercising its already broad discretion, will rarely err by declining supplemental jurisdiction after the federal claims that supported its [original] jurisdiction are dismissed." *Id.*

For a breach-of-contract claim, Florida law requires that a plaintiff establish: (1) the existence of a contract; (2) a material breach; (3) and damages resulting from that breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. N.Y. Life Ins. Co.*, 958 So. 2d 56, 58 (Fla. 4th Dist. Ct. App. 2008).

Here, the district court did not abuse its discretion by exercising supplemental jurisdiction over Browning's breach of contract claim but remanding the remaining state law claims. While it is favored to dismiss and remand state law claims after the

federal claims are dismissed, it cannot be said that the court's decision to exercise jurisdiction and resolve his state law claim was an abuse of the court's broad discretion. *See also Silas*, 55 F.4th at 866. Notably, as the district court determined, it had already properly found that Browning could not establish damages with respect to his FMLA claims. In so finding, the court correctly noted that the same lack of damages finding was fatal to Browning's breach of contract claim under Florida law, which Browning has not disputed. *Vega*, 654 F.3d at 1272. The court also properly considered judicial economy as a factor that influenced its decision to retain jurisdiction over Browning's breach of contract claim and decline to exercise supplemental jurisdiction over the remaining claims. *Baggett*, 117 F.3d at 13523; *Silas*, 55 F.4th at 866. Thus, the court did not abuse its discretion by remanding some state law claims to state court and exercising supplemental jurisdiction with respect to his breach-of-contract claim because it was clearly resolved under Florida law due to a lack of damages. Accordingly, we affirm.

**AFFIRMED.**