[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13559

Non-Argument Calendar

_____

MONICA I. LEWIS,

                                             Plaintiff-Appellant,

*versus*

KYLE KING,
PINELLAS COUNTY SHERIFF,

                                             Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cv-01935-TPB-CPT

_____

Before BRANCH, TJOFLAT, and ANDERSON, Circuit Judges.

PER CURIAM:

Monica Lewis, proceeding pro se, appeals the District Court's dismissal of her complaint and its denial of her motion under Federal Rule of Civil Procedure 60(b) to set aside that judgment. She also challenges the District Court's refusal to exercise supplemental jurisdiction over her remaining state-law claim.

This case arises from a car accident involving Deputy Kyle King of the Pinellas County Sheriff's Office. Lewis alleges that Deputy King, while on duty, intentionally struck her vehicle and that Sheriff Bob Gualtieri failed to supervise him. She brought two federal claims under 42 U.S.C. § 1983 for deprivation of rights and denial of equal protection, and one state-law claim for assault and battery. According to Lewis, the crash was intentional and racially motivated, and she maintains that video footage will prove her allegations.

The District Court dismissed the federal claims for failure to state a claim and declined to exercise supplemental jurisdiction over the remaining state claim. It was correct to do so.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff pleads sufficient factual content to allow a court to draw the reasonable

24-13559                Opinion of the Court                3

inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* And a court considering a motion to dismiss may consider evidence incorporated by reference into the complaint where the evidence is central to the claim and its authenticity is undisputed. *Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024).

The dashcam video was central to Lewis's claim—she explicitly referenced it in her complaint and relied on it to support her allegations. Although she later argued that the video lacked audio and did not show the full context, she did not challenge its authenticity or its depiction of the crash itself. The District Court therefore appropriately considered the video at the motion-to-dismiss stage. *See id.*

That video fatally undermines Lewis's claims. The footage shows a brief acceleration after the Deputy King's vehicle proceeds through an intersection and glances off the side of Lewis's vehicle before jumping the curb. It does not depict any purposeful ramming, erratic maneuvering, or opportunity to identify the driver of the other vehicle. Lewis's central allegation—that Deputy King intentionally struck her due to her race or in retaliation for a prior lawsuit—is not only unsupported by factual allegations in the complaint, but squarely contradicted by the video. When a video "obviously contradicts the plaintiff's version of events," we accept the video's depiction. *Id.* at 1277–78.

Lewis's constitutional claims require more than negligence. A substantive due process claim predicated on a car crash requires conduct that "shocks the conscience," not merely careless driving. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 845–55 (1998). And an equal protection claim requires both discriminatory intent and effect. *Greater Birmingham Ministries v. Sec'y of State for State of Ala.*, 992 F.3d 1299, 1321 (11th Cir. 2021). Lewis plausibly pleads neither. She alleges no facts plausibly suggesting racial targeting, nor could she, given the video record of the crash. Her claim that the incident may have been retaliation for a prior lawsuit is entirely speculative. "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Because Lewis failed to allege facts that state a plausible claim for relief under federal law, dismissal was appropriate. And having properly dismissed all claims over which it had original jurisdiction, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state-law claim. *See Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 865–66 (11th Cir. 2022).

Lewis also challenges the denial of her Rule 60(b) motion. Relief under Rule 60(b) is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). She has not made that showing. Her motion merely repeated arguments the Court had already rejected and attached documents and video links that were not part of the record before the Court when it

24-13559                Opinion of the Court                5

ruled. The District Court acted well within its discretion in denying that motion.

**AFFIRMED**.[1]

---

[1] All pending motions are **DENIED AS MOOT**.